

CV 12 5583

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Efrain Danilo Mendez a/k/a Efrain D. Mendez-Rivera,
Aldraily Alberto Coiscou, Fernando Molina a/k/a Jorge
Luis Flores Larios, Siryi Nayrobik Melendez and Rene
Alexander Oliva, individually and on behalf of all others
similarly situated,

                                        Plaintiffs,

                    -against-

U.S. Nonwovens Corp., Samuel Mehdizadeh a/k/a
Solomon Mehdizadeh, Shervin Mehdizadeh Mehdizadeh,
and Rody Mehdizadeh

                                        Defendant.

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

Case No.:

★  NOV 1 3 2012  ★

**COMPLAINT**
LONG ISLAND OFFICE

SPATT, J.

WALL, M.J.

## CLASS ACTION COMPLAINT

Plaintiffs Efrain Danilo Mendez a/k/a Efrain D. Mendez-Rivera, Aldraily Alberto

Coiscou, Fernando Molina a/k/a Jorge Luis Flores Larios, Siryi Nayrobik Melendez and

Rene Alexander Oliva ("Plaintiffs"), individually and on behalf of all others similarly

situated, as class representatives, upon personal knowledge as to themselves and upon

information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime compensation and spread of hours

pay, for Plaintiffs and their similarly situated co-workers — all non-exempt factory

workers who work or have worked at U.S. Nonwovens Corp. facilities in New York.

2.      U.S. Nonwovens Corp. (U.S. Nonwovens) manufactures a wide

range of products that include household cleaning products, disposable cleaning

wipes for personal hygiene and other cleaning uses, other non-woven products, and laundry cleaning and care products.

3.     Plaintiffs bring this action on behalf of themselves and similarly situated current and former non-exempt factory workers employed in New York who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

4.     Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former non-exempt factory workers who worked in the State of New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, § 190 et seq., and Article 19, §650 et seq., and the supporting New York State Department of Labor regulations.

THE PARTIES

*Plaintiffs*

Efrain Danilo Mendez a/k/a Efrain D. Mendez-Rivera

5.     Plaintiff Efrain Danilo Mendez a/k/a Efrain D. Mendez-Rivera (Mendez) is an adult individual who is a resident of Suffolk County, New York.

6.     Plaintiff Mendez was employed as a worker at the Defendants' factory located in Brentwood, New York from on or about May 2012 to the present.

7.     Plaintiff Mendez is a covered employee within the meaning of the FLSA and the NYLL.

8.      A written consent form for Efrain Danilo Mendez is attached to this Class Action Complaint.

<u>Aldraily Alberto Coiscou</u>

9.      Plaintiff Aldraily Alberto Coiscou (Coiscou) is an adult individual who is a resident of Suffolk County, New York.

10.     Plaintiff Coiscou was employed as a worker at the Defendants' factory located in Brentwood, New York from on or about August 20, 2012 to September 25, 2012.

11.     Plaintiff Coiscou is a covered employee within the meaning of the FLSA and the NYLL.

12.     A written consent form for Aldraily Alberto Coiscou is attached to this Class Action Complaint.

<u>Fernando Molina a/k/a Jorge Luis Flores Larios</u>

13.     Plaintiff Fernando Molina a/k/a Jorge Luis Flores Larios (Molina) is an adult individual who is a resident of Suffolk County, New York.

14.     Plaintiff Molina was employed as a worker at the Defendants' factory located in Brentwood, New York from on or about August 13, 2010 to October 11, 2012.

15.     Plaintiff Molina is a covered employee within the meaning of the FLSA and the NYLL.

16.     A written consent form for Fernando Molina is attached to this Class Action Complaint.

<u>Siryi Nayrobik Melendez</u>

17.     Plaintiff Siryi Nayrobik Melendez (Melendez) is an adult individual who is a resident of Suffolk County, New York.

18.     Plaintiff Melendez was employed as a worker at the Defendants' factory located in Brentwood, New York from on or about September 4, 2012 to September 18, 2012.

19.     Plaintiff Melendez is a covered employee within the meaning of the FLSA and the NYLL.

20.     A written consent form for Siryi Melendez is attached to this Class Action Complaint.

<u>Rene Alexander Oliva</u>

21.     Plaintiff Rene Alexander Oliva (Oliva) is an adult individual who is a resident of Suffolk County, New York.

22.     Plaintiff Oliva was employed as a worker at the Defendants' factory located in Brentwood, New York from on or about August 20, 2012 to the present.

23.     Plaintiff Oliva is a covered employee within the meaning of the FLSA and the NYLL.

24.     A written consent form for Rene Alexander Oliva is attached to this Class Action Complaint.

*Defendants*

25.     Defendants U.S. Nonwovens Corp., Samuel Mehdizadeh a/k/a Solomon Mehdizadeh, Shervin Mehdizadeh Mehdizadeh, and Rody Mehdizadeh jointly employed the Plaintiffs and similarly situated employees at all times relevant.  Each Defendant has

- 4 -

had substantial control over Plaintiffs working conditions, and over the unlawful policies and practices alleged herein.

## U.S. Nonwovens Corp.

26.     U.S. Nonwovens Corp. ("U.S. Nonwovens") has operated warehouses and factories located in Brentwood, and Hauppauge, Long Island during the relevant period.

27.     U.S. Nonwovens is a domestic business corporation, organized and existing under the laws of New York.

28.     Upon information and belief, U.S. Nonwovens' principal executive office is located at 100 Emjay Blvd., Brentwood, New York.

29.     U.S. Nonwovens is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant employed and/or jointly employed the Plaintiffs and similarly situated employees.

30.     At all relevant times, U.S. Nonwovens maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

31.     Upon information and belief, U.S. Nonwovens applies the same employment policies, practices, and procedures to all non-exempt factory workers, including policies, practices, and procedures with respect to payment of overtime compensation, and spread of hours pay.

32.     Upon information and belief, at all times relevant, U.S. Nonwovens annual gross volume of sales made or business done was not less than $500,000.00.

*Individual Defendants*

33.     The defendants Samuel Mehdizadeh a/k/a Solomon Mehdizadeh (Samuel Mehdizadeh), Shervin Mehdizadeh Mehdizadeh (Shervin Mehdizadeh), and Rody Mehdizadeh (collectively the "Individual Defendants") are shareholders in U.S. Nonwovens.

34.     The Individual Defendants together own 100% of the outstanding shares of stock of U.S. Nonwovens.

## Samuel Mehdizadeh

35.     Upon information and belief Samuel Mehdizadeh is a resident of the State of New York.

36.     Upon information and belief Samuel Mehdizadeh is the President of U.S. Nonwovens.

37.     Upon information and belief, at all relevant times, Samuel Mehdizadeh has been a shareholder of U.S. Nonwovens.

38.     Upon information and belief, at all relevant times, Samuel Mehdizadeh has had power over personnel decisions at U.S. Nonwovens, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

39.     Upon information and belief, at all relevant times, Samuel Mehdizadeh has had power over payroll decisions at U.S. Nonwovens, including the power to retain time and/or wage records.

40.     Upon information and belief, Samuel Mehdizadeh is actively involved in managing the day to day operations of U.S. Nonwovens.

41.     Upon information and belief, at all times relevant, Samuel Mehdizadeh has also had the power to stop any illegal pay practices that harmed Plaintiffs.

42.     Samuel Mehdizadeh is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

<u>Rody Mehdizadeh</u>

43.     Upon information and belief Rody Mehdizadeh is a resident of the State of New York.

44.     Upon information and belief Rody Mehdizadeh is the Chief Operating Officer of U.S. Nonwovens.

45.     Upon information and belief, at all relevant times, Rody Mehdizadeh has been a shareholder of U.S. Nonwovens.

46.     Upon information and belief, at all relevant times, Rody Mehdizadeh has had power over personnel decisions at U.S. Nonwovens, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

47.     Upon information and belief, at all relevant times, Rody Mehdizadeh has had power over payroll decisions at U.S. Nonwovens, including the power to retain time and/or wage records.

48.     Upon information and belief, Rody Mehdizadeh is actively involved in managing the day to day operations of U.S. Nonwovens.

49.     Upon information and belief, at all times relevant, Rody Mehdizadeh has also had the power to stop any illegal pay practices that harmed Plaintiffs.

50.     Rody Mehdizadeh is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

<u>Shervin Mehdizadeh</u>

51.     Upon information and belief Shervin Mehdizadeh is a resident of the State of New York.

52.     Upon information and belief Shervin Mehdizadeh is an Officer of U.S. Nonwovens.

53.     Upon information and belief, at all relevant times, Shervin Mehdizadeh has been a shareholder of U.S. Nonwovens.

54.     Upon information and belief, at all relevant times, Shervin Mehdizadeh has had power over personnel decisions at U.S. Nonwovens, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

55.     Upon information and belief, at all relevant times, Shervin Mehdizadeh has had power over payroll decisions at U.S. Nonwovens, including the power to retain time and/or wage records.

56.     Upon information and belief, Shervin Mehdizadeh is actively involved in managing the day to day operations of U.S. Nonwovens.

57.     Upon information and belief, at all times relevant, Shervin Mehdizadeh has also had the power to stop any illegal pay practices that harmed Plaintiffs.

58.     Shervin Mehdizadeh is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

59.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

60.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

61.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

62.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

63.     Plaintiffs bring the First Cause of Action, FLSA claims, on behalf of themselves and all similarly situated persons – non-exempt factory workers employed by U.S. Nonwovens in New York - who elect to opt-in to this action (the "FLSA Collective").

64.     Consistent with Defendants policy and pattern or practice, Plaintiffs and the FLSA Collective were not paid premium overtime compensation for all hours worked beyond 40 per workweek.

65.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

66.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

a)      willfully failing to pay its employees, including Plaintiffs and the FLSA Collective, premium overtime wages for hours that they worked in excess of 40 hours per workweek; and

b)      willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendants.

67.     Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by:

a)      Failing to pay employees for overtime hours worked by refusing to modify inaccurate biometric and/or computerized time clock records;

b)      Enacting a "no-punch, no-pay" policy wherein employees who are present at work are not paid for all hours suffered and/or permitted by U.S. Nonwovens if the hours are not recorded by the biometric scanning system.

68.     Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

69.     Plaintiff and the FLSA Collective perform or performed the same primary duties.

70.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

71.     Plaintiffs bring the Second, Third, Fourth and Fifth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of all non-exempt factory workers employed by U.S. Nonwovens in New York for the six year period prior to the filing of this complaint and up to the date of final judgment in this matter (the "Rule 23 Class").

72.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

73.     The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

74.     Upon information and belief, the size of the Rule 23 Class is at least 250 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

75.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

76.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

> (a) whether Defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor regulations;
>
> (b) whether Defendants correctly compensated Plaintiffs and the Rule 23 Class for hours worked in excess of 40 hours per workweek;
>
> (c) whether Defendants failed to timely pay Plaintiffs and the Rule 23 Class wages and overtime premiums as required by Section 191 of the NYLL;
>
> (d) whether Defendants failed to provide Plaintiffs and the Rule 23 Class spread-of-hours pay;
>
> (e) whether Defendants failed to provide Plaintiffs and the Rule 23 Class with wage notices as required by Section 195.1 of the NYLL;
>
> (f) whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;
>
> (g) whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross

wages, and the claimed tip allowance as required by Section 195.3 of the NYLL;

(h) whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(i) the nature and extent of class-wide injury and the measure of damages for those injuries.

77. The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and all of the Rule 23 Class members work, or have worked, for Defendants as factory workers in the State of New York. Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NYLL to be paid for all hours worked, to be paid overtime wages, to be paid in a timely manner, to be paid spread of hours pay, to receive the notice prescribed by NYLL §195, and to be provided with an accurate statement of wages. Plaintiffs and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

78. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Classes. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and

its possible settlement, they must not favor their own interests over the class. Plaintiffs recognize that any resolution of a class action must be in the best interest of the class. Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiffs and the Rule 23 members.

79.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

80.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

PLAINTIFFS' FACTUAL ALLEGATIONS

81.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs individually as follows:

<u>Efrain Danilo Mendez a/k/a Efrain D. Mendez-Rivera (Mendez)</u>

82.     At all times hereinafter mentioned Plaintiff Mendez was employed as a factory worker at the Defendants' manufacturing plant in Brentwood, New York.

83.     During his employment with the Defendants Plaintiff Mendez regularly worked a spread of hours in excess of 10.

84.     During his employment with the Defendants, the Plaintiff Mendez worked a spread of hours of at least 10.5 hours, at minimum four days per week.

85.     During his employment with the Defendants, Plaintiff Mendez was paid $7.25 per hour.

86.     Defendants did not pay Plaintiff Mendez spread of hours pay as required by 12 NYCRR §§142-2.4 and 142-2.18.

87.     Upon information and belief, Defendants failed to provide the plaintiff Mendez with a wage notice which complies with the Wage Theft Prevention Act, and more specifically NYLL §195-1.

88.     During his employment with the Defendants, Plaintiff Mendez regularly worked in excess of 40 hours per week.

89.     The Defendants failed to pay Mendez for all overtime hours worked.

90.     In approximately September 2012, the plaintiff Mendez attended a factory-wide staff meeting.

91.     At the staff meeting the management of U.S. Nonwovens stated that they would not listen to any more "complaints" about overtime.   At that time U.S. Nonwovens articulated its long standing policy that the accuracy of computerized hour

records would NOT be questioned, regardless of whether the employee questioned the accuracy of the records, and regardless of the actual hours worked by employees.

92.    After the staff meeting the management posted a notice adjacent to the biometric scanner/punch clock in Spanish that memorialized the "no punch-no pay" policy.

## Aldraily Alberto Coiscou (Coiscou)

93.    At all times hereinafter mentioned Plaintiff Coiscou was employed as a factory worker at the Defendants' manufacturing plant in Brentwood, New York.

94.    During his employment with the Defendants, Plaintiff Coiscou regularly worked a spread of hours in excess of 10.

95.    During his employment with the Defendants, the Plaintiff Coiscou worked a spread of hours of at least 10.5 hours, at least four days per week.

96.    During his employment with the Defendants, Plaintiff Coiscou was paid $7.25 per hour.

97.    Defendants did not pay Plaintiff Coiscou spread of hours pay as required by 12 NYCRR §§142-2.4 and 142-2.18.

98.    Upon information and belief, Defendants failed to provide the plaintiff Coiscou with a wage notice which complies with the Wage Theft Prevention Act, and more specifically NYLL §195-1.

## Fernando Molina a/k/a Jorge Luis Flores Larios

99.    At all times hereinafter mentioned Plaintiff Fernando Molina a/k/a Jorge Luis Flores Larios (Molina) was employed as a factory worker at the Defendants' manufacturing plant in Brentwood, New York.

100.     During his employment with the Defendants Plaintiff Molina regularly worked a spread of hours in excess of 10.

101.     During his employment with the Defendants, the Plaintiff Molina regularly worked a spread of hours of at least 10.5 hours, at least four days per week.

102.     At some periods during his employment, the Plaintiff Molina worked a spread of hours of 12 hours, six days per week.

103.     During his employment with the Defendants, Plaintiff Molina was paid a starting wage of $7.25 per hour.

104.     Defendants did not pay Plaintiff Molina spread of hours pay as required by 12 NYCRR §§142-2.4 and 142-2.18.

105.     Upon information and belief, Defendants failed to provide the plaintiff Molina with a wage notice which complies with the Wage Theft Prevention Act, and more specifically NYLL §195-1.

106.     During his employment with the Defendants, Plaintiff Molina regularly worked in excess of 40 hours per week.

107.     The Defendants failed to pay Molina for all overtime hours worked.

<u>Siryi Nayrobik Melendez (Melendez)</u>

108.     At all times hereinafter mentioned Plaintiff Melendez was employed as a factory worker at the Defendants' manufacturing plant in Brentwood, New York.

109.     During her employment with the Defendants Plaintiff Melendez worked a spread of hours in excess of 10.

110.     During her employment with the Defendants, the Plaintiff Melendez worked a spread of hours of at least 10.5 hours, at least four days per week.

111.    During her employment with the Defendants, Plaintiff Melendez was paid $7.25 per hour.

112.    Defendants did not pay Plaintiff Melendez spread of hours pay as required by 12 NYCRR §§142-2.4 and 142-2.18.

113.    Upon information and belief, Defendants failed to provide the plaintiff Melendez with a wage notice which complies with the Wage Theft Prevention Act, and more specifically NYLL §195-1.

114.    During her two week employment with the Defendants, Plaintiff Melendez worked in excess of 40 hours per week.

115.    The Defendants failed to pay Melendez for all overtime hours worked.

116.    The Plaintiff Melendez was required by Defendants to move caustic materials that caused a severe rash on her hands and forearms.   Upon handling her infant child, the baby suffered a severe allergic reaction.

117.    The Plaintiff Melendez requested protective gloves and was refused.

118.    After two weeks, Plaintiff Melendez resigned.

119.    The Defendants refused to pay the medical costs incurred by Plaintiff Melendez as a result of her child's allergic reaction.

120.    The Defendants refused to pay the Plaintiff's overtime, and upon information and belief owe the Plaintiff Melendez at least 20 hours of overtime pay.

<u>Rene Alberto Oliva (Oliva)</u>

121.    At all times hereinafter mentioned Plaintiff Oliva was employed as a factory worker at the Defendants' manufacturing plant in Brentwood, New York.

122.    During his employment with the Defendants, Plaintiff Oliva regularly worked a spread of hours in excess of 10.

123.    During his employment with the Defendants, the Plaintiff Oliva worked a spread of hours of at least 10.5 hours, at least four days per week.

124.    During his employment with the Defendants, Plaintiff Oliva was paid $7.25 per hour.

125.    Defendants did not pay Plaintiff Oliva spread of hours pay as required by 12 NYCRR §§142-2.4 and 142-2.18.

126.    Upon information and belief, Defendants have failed to provide the plaintiff Mendez with a wage notice which complies with the Wage Theft Prevention Act, and more specifically NYLL §195-1.

127.    During his employment with the Defendants, Plaintiff Oliva regularly worked in excess of 40 hours per week.

128.    Defendants failed to compensate Plaintiff Oliva for all hours worked in excess of 40 hours per week.

129.    The Defendants use a biometric scanning device to record payroll hours.

130.    In addition to the biometric scanning device, the Defendants maintain hand-written attendance sheets.

131.    When the plaintiff Oliva complained to his supervisor regarding the underpayment of wages, he was told that he had not "punched" correctly using the biometric scanning device and therefore would not be paid for all overtime hours.

132.    In the case of an inconsistency between the written attendance records and the biometric scanner, the Defendants relied on the biometric scanner data, even if it did not accurately reflect the total hours worked by plaintiff Oliva.

133.    In approximately September 2012, the plaintiff Oliva attended a factory-wide staff meeting.

134.    At the staff meeting the management of U.S. Nonwovens stated that they would not listen to any more "complaints" about overtime.    At that time U.S. Nonwovens articulated its long standing policy that the accuracy of computerized hour records would NOT be questioned, regardless of whether the employee questioned the accuracy of the records, and regardless of the actual hours worked by employees.

135.    After the staff meeting the plaintiff Oliva observed a notice posted adjacent to the biometric scanner/punch clock in Spanish that memorialized the defendant's "no punch-no pay" policy.

FIRST CAUSE OF ACTION

Fair Labor Standards Act - Overtime Wages

(Brought on behalf of Plaintiffs and the FLSA Collective)

136.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

137.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the FLSA Collective.

138.    Defendants have failed to pay Plaintiffs and the FLSA Collective overtime wages for all of the hours they worked in excess of 40 hours in a work week.

139.    Defendants have failed to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendants.

140.    As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

141.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

142.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

SECOND CAUSE OF ACTION

New York Labor Law Article 19— Unpaid Overtime

(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

143.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

144.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

145.    Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

146.    Defendants have willfully failed to record all of the time that its employees, including Plaintiffs and members of the Rule 23 Class, have worked for the benefit of Defendants.

147.    Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

148.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

THIRD CAUSE OF ACTION

New York Labor Law Article 19— Untimely Payment of Wages

(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

149.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

150.    The wage provisions of Article 6 of the NYLL, specifically NYLL §191 and its supporting regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

151.    Defendants have repeatedly failed to pay Plaintiffs and the members of the Rule 23 Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations in a timely manner consistent with NYLL §191.

152.    Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages in a timely manner, Defendants have willfully violated the NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

153.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants liquidated damages for all wages not paid in a timely manner, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

FOURTH CAUSE OF ACTION

New York Labor Law — Spread of Hours Pay

(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

154.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

155.    Defendants have willfully failed to pay Plaintiffs and the members of the Rule 23 Class additional compensation of one hour's pay at the minimum hourly wage rate for each day during which the spread of hours exceeded10.

156.    By Defendants' failure to pay Plaintiff and the members of the Rule 23 Class spread of hours pay, Defendants have willfully violated the NYLL Article 19, §§

650 et seq. and the supporting New York State Department of Labor regulations specifically 12 NYCRR §§142-2.4 and 142-2.18.

157.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

FIFTH CAUSE OF ACTION

New York Labor Law —Wage Notice Violations

(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

158.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

159.    The notice provisions of the Wage Theft Prevention Act, Article 6 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

160.    Defendants have failed to comply with the notice provisions of the Wage Theft Prevention Act, and more specifically NYLL §195-1.

161.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the sum of $50 per week, up to a total of $2,500 per employee, as provided for by NYLL Article 6, § 198-1-b.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situate persons, respectfully requests that this Court grant the following relief:

a)      That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all non-exempt factory workers who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at U.S. Nonwovens Corp. within the State of New York. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

b)      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)      Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

d)      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL Article 6, §§ 190 et seq., NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations; Unpaid, overtime pay, spread of hours pay and 100% liquidated damages permitted by law pursuant to the NYLL; Prejudgment and post-judgment interest;

e)      100% liquidated damages permitted by law pursuant to the NYLL for untimely payment of wages; Prejudgment and post-judgment interest;

f)      Civil damages in the amount of $50 per week per employee for each violation of the notice provisions of the Wage Theft Prevention Act, up to a total of $2,500.00 per employee.

g)  An injunction requiring Defendants to pay all statutorily required wages

and cease the  unlawful activity described herein pursuant to the NYLL;

h)  Reasonable attorneys' fees and costs of the action; and

i)  Such other relief as this Court shall deem just and proper.

Dated:  Glen Cove, New York
        November 13, 2012

Respectfully Submitted,
STEVEN J. MOSER, P.C.

Steven John Moser
1 School Street, Suite 303
Glen Cove, New York  11542
(516) 671-1150 • F (516) 882-5420
stevenjmoserpc@gmail.com

## CONSENTIMIENTO PARA UNIRSE

Yo, por mi firma, doy mi consentimiento a participar en un pleito contra U.S. Nonwovens

Corp., y sus entidades o individuos relacionados, a fin de obtener reparación por las

violaciones de Ley de Normas Laborales Justas (the Fair Labor Standards Act), en virtud

de 29 U. S. C. §216 (b). Por la presente designo STEVEN J. MOSER, P. C. que me

represente en dicha demanda.

_11 - 10 - 12_
Fecha

_Rene Oliva_
Firma

_Rene Alexander Oliva_
Nombre Legal Completo

_50 Tiffin Dr_
Direccion

_Huntington NY 11746_
Ciudad, Estado, Código postal

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against U.S. Nonwovens and/or related

entities and individuals in order to seek redress for violations of Fair Labor Standards

Act, pursuant to 29 U.S.C. §216 (b). I hereby designate STEVEN J. MOSER, P.C. to

represent me in such a lawsuit.


_11-10-12_

Date

_Rene Olina_

Signature

_Rene Alexander Oliva_

Full Legal Name (Print)

_50 Tiffin Dr_

Address

_Huntington NY 11746_

City  State     Zip Code

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against U.S. Nonwovens and/or related

entities and individuals in order to seek redress for violations of Fair Labor Standards

Act, pursuant to 29 U.S.C. §216 (b). I hereby designate STEVEN J. MOSER P.C. to

represent me in such a lawsuit.

11 / 10 / 12
Date

Efrain D. Mendez Rivero
Signature

Efrain D. Mendez Rivera
Full Legal Name (Print)

19 E 3RD. St
Address

Huntington St A NY 11746
City, State     Zip Code

## CONSENTIMIENTO PARA UNIRSE

Yo, por mi firma, doy mi consentimiento a participar en un pleito contra U.S. Nonwovens

Corp., y sus entidades o individuos relacionados, a fin de obtener reparación por las

violaciones de Ley de Normas Laborales Justas (the Fair Labor Standards Act), en virtud

de 29 U. S. C. §216 (b). Por la presente designo STEVEN J. MOSER, P. C. que me

represente en dicha demanda.

11 / 10 / 12
Fecha

Efrain D. mendez Rivera
Firma

Efraln D. Mendez Rivera
Nombre Legal Completo

19 E 3 RD St
Direccion

Huntington Sta IVY 11746
Ciudad, Estado, Código postal

## CONSENTIMIENTO PARA UNIRSE

Yo, por mi firma, doy mi consentimiento a participar en un pleito contra U.S. Nonwovens

Corp., y sus entidades o individuos relacionados, a fin de obtener reparación por las

violaciones de Ley de Normas Laborales Justas (the Fair Labor Standards Act), en virtud

de 29 U. S. C. §216 (b). Por la presente designo STEVEN J. MOSER, P. C. que me

represente en dicha demanda.

*11- 11- 2012*
Fecha

*FERNANDO MOLINA*
Firma

*FERNANDO MOLINA*
Nombre Legal Completo

*50 HYDE PARK AL.*
Direccion

*BAY SHORE NY 11706*
Ciudad, Estado, Código postal

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against U.S. Nonwovens and/or related

entities and individuals in order to seek redress for violations of Fair Labor Standards

Act, pursuant to 29 U.S.C. §216 (b). I hereby designate STEVEN J. MOSER, P.C. to

represent me in such a lawsuit.

11 - 11 - 2012
Date

FERNANDO MOLINA
Signature

FERNANDO MOLINA
Full Legal Name (Print)

50 HYDE PARK AV.
Address

BAY SHORE NY 11706
City, State     Zip Code

## CONSENTIMIENTO PARA UNIRSE

Yo, por mi firma, doy mi consentimiento a participar en un pleito contra U.S. Nonwovens Corp., y sus entidades o individuos relacionados, a fin de obtener reparación por las violaciones de Ley de Normas Laborales Justas (the Fair Labor Standards Act), en virtud de 29 U. S. C. §216 (b). Por la presente designo STEVEN J. MOSER, P. C. que me represente en dicha demanda.

11 / 10 / 2012
Fecha

ALDRAILY COISCOU
Firma

ALDRAILY A. COISCOU LUGO
Nombre Legal Completo

62 ST PETERS DR
Direccion

BRENTWood NY 11717
Ciudad, Estado, Código postal

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against U.S. Nonwovens and/or related

entities and individuals in order to seek redress for violations of Fair Labor Standards

Act, pursuant to 29 U.S.C. §216 (b). I hereby designate STEVEN J. MOSER, P.C. to

represent me in such a lawsuit.

11/10/2012
Date

ALDRAILY COISCOU
Signature

ADRAILY A. COISCOU LUGO
Full Legal Name (Print)

62 ST PETERS DR
Address

BRENTWOOD NY 11717
City, State      Zip Code

11/10/2012 13:06   6314275375   HUNT STATION LIBRARY   PAGE 02/02

## CONSENTIMIENTO PARA UNIRSE

Yo, por mi firma, doy mi consentimiento a participar en un pleito contra U.S. Nonwovens

Corp., y sus entidades o individuos relacionados, a fin de obtener reparación por las

violaciones de Ley de Normas Laborales Justas (the Fair Labor Standards Act), en virtud

de 29 U. S. C. §216 (b). Por la presente designo STEVEN J. MOSER, P. C. que me

represente en dicha demanda.

11 / 10 / 2012
Fecha

Sirgi N. Melindez
Firma

Sirgi Nayrobik Melindez Vasquez
Nombre Legal Completo

62 st potErs Dr
Direccion

Brentwood NY 11717.
Ciudad, Estado, Código postal

## CONSENT TO JOIN

I consent to be a party plaintiff in a lawsuit against U.S. Nonwovens and/or related

entities and individuals in order to seek redress for violations of Fair Labor Standards

Act, pursuant to 29 U.S.C. §216 (b). I hereby designate STEVEN J. MOSER, P.C. to

represent me in such a lawsuit.

11 - 10 - 2012

Date

Singi N. Melindiz

Signature

Singi Nayrobik Melindiz Vásquez

Full Legal Name (Print)

2 St Peters Dr

Address

Brentwood NY 11717

City, State     Zip Code

PAGE 02/02          HUNT STATION LIBRARY          6314275375          13:07  11/10/2012