UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
EFRAIN DANILO MENDEZ A/K/A EFRAIN D.
MENDEZ-RIVERA, ALDRAILY ALBERTO
COISCOU, FERNANDO MOLINA A/K/A
JORGE LUIS FLORES LARIOS, SIRYI
NAYROBIK MELENDEZ and RENE
ALEXANDER OLIVA, individually and on behalf
of all others similarly situated,

                     12-CV-5583 (ADS) (WDW)

      Plaintiffs,

 -against-

U.S. NONWOVENS CORP., SAMUEL
MEHDIZADEH A/K/A SOLOMON MEHDIZADEH,
SHERVIN MEHDIZADEH, and RODY
MEHDIZADEH,

      Defendants.
-----------------------------------------------------------------------X


### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**COZEN O'CONNOR**
*Attorneys for Defendants*
277 Park Avenue
New York, New York 10172
(212) 453-3937

LEGAL\17263280\1

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ................................................................................................................ 1

RELEVANT PROCEDURAL HISTORY ............................................................................ 1

ARGUMENT

    LEAVE TO AMEND SHOULD BE DENIED BECAUSE
    PLAINTIFFS' REQUESTED RELIEF WOULD BE FUTILE ....................................... 2

    A. Plaintiffs' Proposed 7th Cause Of Action For Alleged Common
       Law Breach Of Contract fails To State A Claim As A Matter Of Law ..................... 3

    B. Plaintiffs' Proposed 1st and 2nd Causes Of Action For Alleged Unpaid
       And Untimely Overtime Under The FLSA Fails To State A Claim
       As A Matter Of Law ................................................................................................... 5

    C. Plaintiffs' Proposed 6th Cause Of Action For Alleged Wage Notice
       Violations Fails To Give Any Notice Of The Alleged Violation ............................. 10

    D. Plaintiffs' Proposed Amended Complaint Improperly Lumps All Defendants
       Together And Fails To Allege Even A Minimal Set Of Facts As To Each
       Defendant's Involvement in The Alleged Violations ............................................... 11

    E. Plaintiffs' Proposed Amended Complaint Otherwise Contains Several
       Allegations That Are Inappropriate In A Pleading .................................................. 12

CONCLUSION .................................................................................................................. 13

## TABLE OF AUTHORITIES

*Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) .................................................................................. 6

*Bell Atlantic v. Twombly,* 550 U.S. 544 (2007) ........................................................................ 5

*Boutros v. JTC Painting and Decorating Corp.,* 2013 WL 3110943 (S.D.N.Y. 6/19/13) ....... 8

*Cromwell v. New York City Health and Hospitals Corp.,* 2013 WL 2099252
(S.D.N.Y. 5/15/13) ................................................................................................................... 7

*DeJesus v. HF Mgmt. Serv.,* 2013 WL 3970049 (2d Cir. 8/5/13) ............................................ 7

*DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.,* 770 F. Supp.2d 497
(E.D.N.Y. 2011) ....................................................................................................................... 3

*Dura Pharms, Inc. v. Broudo,* 544 U.S. 336 (2005) .............................................................. 10

*Gerzog v. London Fog Corp.,* 907 F. Supp. 590 (E.D.N.Y. 1995) (Spatt, J.) ........................ 2

*Gordon v. Kaleida Health,* 847 F. Supp.2d 479 (E.D.N.Y. 2012) ........................................ 3

*Icebox-Scoops, Inc. v. Disney Enter., Inc.,* 2013 WL 1164892 (2d Cir. 3/22/13) ................. 2

*In re Crazy Eddie Securities, Lit.,* 747 F. Supp. 850 (E.D.N.Y. 1990) ................................ 12

*Johnson v. St. Barnabas Nursing Home,* 2010 WL 744357 (2d Cir. 3/5/10) ....................... 6

*Krichman v. J.P. Morgan Chase & Co.,* 2008 WL 51148769 (S.D.N.Y. 12/8/08) ............ 3-4

*Lundy v. Catholic Health Sys. of Long Island, Inc.,* 711 F.3d 106 (2d Cir. 2013) ............... 6

*Luv N' Care Ltd. v. Toys "R" Us, Inc.,* 2012 WL 5265723 (S.D.N.Y. 10/24/12) ............... 10

*Medina v. Bauer,* 2004 WL 136636 (S.D.N.Y.) ..................................................................... 12

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,* 2013 WL 3743152
(2d Cir. 7/11/13) ...................................................................................................................... 7

*Pludeman v. Northern Leasing Sys., Inc.,* 40 A.D.3d 366, 837 N.Y.S.2d 10
(1st Dep't 2007), *aff'd,* 10 N.Y.3d 486 (2008) .................................................................... 12

*Polar Int'l Brokerage Corp. v. Reeve,* 108 F. Supp.2d 225 (S.D.N.Y. 2000) ...................... 12

*Politico v. Promis Hotels, Inc.,* 184 F.R.D. 232 (E.D.N.Y. 1999) ........................................ 12

*Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp.2d 457 (E.D.N.Y. 2011) ................................... 3

*Taveras v. UBS AG*, 513 Fed. Appx. 19 (2d Cir. 2013) ............................................................. 2

*Valentine Properties Assoc., L.P. v. U.S. Dep't of Hous. and Urban Develop.*,
501 Fed. Appx. 16 (2d Cir. 2012) .............................................................................................. 6

*Wyler-Wittenberg v. Metlife Home Loans, Inc.*, 899 F. Supp.2d 235 (E.D.N.Y. 2012) ............ 2

## INTRODUCTION

After four months of radio silence and an outright refusal (to date) to respond to any discovery requests, Plaintiffs have resurfaced for the purpose of now seeking permission to file an amended complaint. The basis: Plaintiffs' counsel's "post commencement investigation" and "legal research in an unrelated litigation" has prompted a desire to plead irrelevant facts and causes of action that fail to state a claim as a matter of law. To the extent that the proposed Amended Complaint would be a subject to an immediate Rule 12(b)(6) or 12(c) motion, the relief requested in Plaintiffs' instant motion would be futile. Accordingly, and as discussed further below, Defendants respectfully request that the Court deny Plaintiffs' motion.

## RELEVANT PROCEDURAL HISTORY

Plaintiffs commenced this action by filing an initial Complaint on November 13, 2012. Defendants duly answered the Complaint on January 14, 2013. A Scheduling Order was issued by Magistrate Judge Wall on March 4, 2013, and, on that same day, Defendants served a first set of interrogatories and first set of document requests on each of the Named Plaintiffs. Responses were due on April 5, 2013, yet to date Plaintiffs have not served any responses.

By e-mail on April 12, 2103, Defendants' counsel advised Plaintiffs' counsel that responses were overdue. Plaintiffs' counsel then requested (and obtained) an extension to April 19th. On April 19th, Plaintiffs' counsel sent an e-mail stating that he was "unable to meet with all clients last Saturday as expected," and requested (and obtained) one additional week to April 26, 2013 to provide discovery responses. April 26th came and went, and no responses were produced.

On May 1, 2013, Defendants' counsel e-mailed Plaintiffs' counsel to inquire about the status of the outstanding discovery responses, and advised that any and all objections

1

had been considered waived. Plaintiffs' counsel failed to respond at all to that May 1st e-mail, and no discovery responses ever came. Three months passed, and Plaintiffs' counsel resumed communications on August 9, 2013; not to provide discovery responses, but to provide a proposed amended pleading and a stipulation requesting Defendants' consent to its filing. Nevertheless, Defendants' counsel reviewed the proposed amended complaint in good faith, and advised that Defendants would not stipulate to its filing.

On August 28, 2013, Plaintiffs filed their instant motion for permission to file their amended pleading.

## ARGUMENT

### LEAVE TO AMEND SHOULD BE DENIED BECAUSE PLAINTIFFS' REQUESTED RELIEF WOULD BE FUTILE

While Rule 15(a) of the Federal Rules of Civil Procedure provides, as a general proposition, that courts "should freely give leave when justice so requires," the Second Circuit and this Court have repeatedly re-affirmed that leave should be denied if a proposed amendment would be futile. *See Taveras v. UBS AG,* 513 Fed. Appx. 19 (2d Cir. 2013), *Icebox-Scoops, Inc. v. Disney Enter., Inc.,* 2013 WL 1164892 (2d Cir. 3/22/13); *Gerzog v. London Fog Corp.,* 907 F. Supp. 590 (E.D.N.Y. 1995) (Spatt, J.); *Wyler-Wittenberg v. Metlife Home Loans, Inc.,* 899 F. Supp.2d 235 (E.D.N.Y. 2012).

Plaintiffs' proposed amended complaint contains seven "causes of action", several of which would not survive a motion to dismiss or motion for judgment on the pleadings if the proposed pleading is allowed to be filed and served.

> A. **Plaintiffs' Proposed 7th Cause Of Action For Alleged Common Law Breach Of Contract Fails To State A Claim As Matter Of Law.**

Ironically, Plaintiffs try to "hedge" their bets in a footnote contained in their proposed amended complaint (at 27, n. 5) when they state that they are only asserting a common law breach of contract cause of action "to the extent it is not duplicative of relief available to the plaintiffs under the FLSA." But it is.

In *DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp.2d 497 (E.D.N.Y. 2011), plaintiffs brought a breach of contract claim, in addition to an FLSA claim for unpaid overtime. Plaintiffs alleged that they "regularly worked hours both under and in excess of forty per week and were not paid for all those hours" and that "[d]efendants had and continue to have a legal obligation to pay Plaintiffs . . . all earnings and overtime due." 770 F. Supp.2d at 531. The court found that plaintiffs' allegations were duplicative of their FLSA claim because they did not "arise . . . from any violations that [were] 'independent' of the defendant's obligations under the FLSA." *Id.*

Similarly, in *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp.2d 457 (E.D.N.Y. 2011), the Court held that the FLSA and New York Labor Law preempted plaintiff's claim for breach of contract, where "the language identifying the alleged agreement as to overtime [in the claim for breach of contract was] virtually identical to the language of the plaintiff's overtime wage claims under the FLSA and the Labor Law." 764 F. Supp.2d at 469.

Moreover, a breach of contract claim should be dismissed when it is based on a violation of a pre-existing duty to comply with an existing statute. *See, e.g., Gordon v. Kaleida Health*, 847 F. Supp.2d 479, 498 (E.D.N.Y. 2012) ("a promise to perform a pre-existing legal obligation does not amount to consideration"); *Krichman v. J.P. Morgan Chase & Co.*, 2008

3

WL 5148769, * 3 (S.D.N.Y. 12/8/08) (dismissing contract claims where they failed to identify the existence of an independent, enforceable agreement that was separate from their FLSA claims).

In the instant case, Plaintiffs' proposed 7th cause of action – consisting of three operative paragraphs – does not assert any allegation independent of those already alleged in their FLSA and New York Labor Law claims. Like in *DeSilva* and *Sosnowy*, Plaintiffs merely recite conclusory language alleging entitlement to unpaid wages, this time as a common law breach of contract claim, rather than the already-plead claims under the FLSA and New York Labor Law. Specifically, Plaintiffs' proposed amended complaint states simply (at ¶ 156) that "Plaintiffs and Defendants had a verbal employment contract", though providing no facts whatsoever as to when such a verbal contract was made or with which Defendants. The proposed amended complaint then states in one additional paragraph (at ¶ 157) that Defendants agreed to pay Plaintiffs a regular rate of pay for the first 40 hours worked, and agreed to pay Plaintiffs "the overtime rate" for hours worked in excess of forty in a week. That is it.

Yet, that is precisely what Plaintiffs already alleged in their proposed first and second causes of action under the FLSA (at ¶¶ 126-136) and already alleged in their proposed third and fourth causes of action under the New York Labor Law (at ¶¶ 137-146). Accordingly, this Court should deny Plaintiffs' instant motion because the relief requested in the proposed 7th cause of action would be futile.

### B. Plaintiffs' Proposed 1st And 2nd Causes Of Action For Alleged Unpaid And Untimely Overtime Under The FLSA Fail To State A Claim As A Matter Of Law.

Plaintiffs' proposed 1st and 2nd causes of action allege a failure to pay overtime and a failure to timely pay overtime under the FLSA. Critically, however, while the proposed amended complaint attempts to cast a wide net over multiple jobs and identify multiple theories of alleged liability, against multiple named defendants, it is devoid of any specifics in terms of when and how these Plaintiffs purportedly worked overtime for which they were not paid, when and how these Plaintiffs purportedly worked "off the clock" without getting paid, and otherwise any specifics as to precisely how Defendants violated the law with respect to these Plaintiffs. Rather, the proposed amended complaint contains the usual boilerplate allegations that one can pluck out of any wage and hour pleading that has dominated the federal docket in recent years (both with respect to the individual Plaintiffs' allegations, and the class/collective action allegations).

It is axiomatic that, in determining whether a claim is sufficiently stated, this Court must determine whether the allegations plead in the proposed amended complaint state a claim as a matter of law. In *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), the Supreme Court rejected its prior decision in *Conley v. Gibson*, 355 U.S. 41 (1957) that stated that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at 546, quoting *Conley*, 355 U.S. at 45-46. Instead, the Court in *Twombly* created a heightened pleading requirement under Federal Rule 8 whereby a claim must allege enough facts "to state a claim for relief that is plausible on its face." *Id.*

Then, in 2009, the Supreme Court provided further guidance as to the requisite pleading threshold under Federal Rule 8. Thus, in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court made crystal clear that a complaint that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . . Nor does a complaint suffice if it tenders naked assertions[s] devoid of further factual enhancement." 129 S. Ct. at 1949 (quotations omitted). See also *Johnson v. St. Barnabas Nursing Home*, 2010 WL 744357, * 1 (2d Cir. 3/5/10); *Valentine Properties Assoc., L.P. v. U.S. Dep't of Hous. and Urban Develop.*, 501 Fed. Appx. 16 (2d Cir. 2012). Consequently, while all factual allegations must generally be accepted as true for purposes of a pleading motion, the causes of action in the proposed amended pleading still must be tested against the guiding principle that factual allegations must be specifically and sufficiently plead to warrant a plausible claim under the FLSA as a matter of law.

On March 1, 2013, the Second Circuit applied the recent Supreme Court pleading requirements to an FLSA case. In *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013), a respiratory therapist and two nurses sued defendants on behalf of themselves and a purported class of similarly situated employees, seeking unpaid wages under the FLSA and New York law. The Second Circuit affirmed the District Court's dismissal of the FLSA claims on the ground that those claims were insufficiently plead and failed to state a claim as a matter of law.

Citing *Iqbal*, the Second Circuit in *Lundy* held that "to survive a motion to dismiss, Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." 711 F.3d at 114. More specifically, the Court concluded that "to state a plausible FLSA overtime claim, a plaintiff must

6

sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Id.* The pleading was fatally flawed in *Lundy* because it failed to allege "a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours." *Id.*

Moreover, the Second Circuit expressly emphasized that the problem in *Lundy* was that the plaintiffs used generalities and vague descriptions when setting forth the factual underpinnings of the alleged FLSA violations, such as "typically" and "occasionally" and "on average" and "approximately". *Id.* at 114-15. Noting that plaintiffs did not specify "how occasionally or how long" or "that she was denied overtime pay in any such particular week", the Second Circuit ruled that such non-specific terms "supply nothing but low-octane fuel for speculation, not the plausible claim that is required." *Id.* at 115. Accordingly, the Second Circuit held that the FLSA overtime claims were properly dismissed by the District Court.

Earlier this summer, the Second Circuit re-affirmed the *Lundy* pleading standards for FLSA cases in *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 2013 WL 3743152 (2d Cir. 7/11/13) and in *DeJesus v. HF Mgmt. Serv.*, 2013 WL 3970049 (2d Cir. 8/5/13). In *DeJesus*, the Second Circuit affirmed the dismissal of claims for overtime pay on the ground that allegations that plaintiff worked more than 40 hours in "some or all weeks", without alleging the number of weeks during which defendant improperly calculated the overtime pay or which weeks they were, were insufficient as a matter of law.

In the several months since *Lundy*, other cases have been dismissed at the pleading stage because they were based on vague and non-specific allegations. For example, in *Cromwell v. New York City Health and Hospitals Corp.*, 2013 WL 2099252 (S.D.N.Y. 5/15/13), the court reiterated: "Importantly, to state a claim under the FLSA, a complaint must state more

7

than vague legal conclusions." 2013 WL 2099252 at * 3. As in *Lundy*, the plaintiffs in Cromwell improperly used such vague and general terms as "typically" and "approximately" to describe the plaintiffs' purported work and the alleged violations, together with words of estimation, such as "at least". *Id.* at ** 3-4.

The court ultimately determined in *Cromwell* that the "factual allegations suffer from the same lack of specificity" as the Second Circuit found in *Lundy*, ruling that the plaintiffs' pleading did not:

> allege precisely when, or at what point during, his 21 years of employment, Cromwell worked more than 40 hours. . . . The Amended Complaint does not point to any particular workweek within the limitations period during which Cromwell worked uncompensated time more than 40 hours. The Amended Complaint thus is deficient for the same reason that the allegations as to Iwasiuk in Lundy failed to state a claim. The estimates and approximations here invite the same sort of speculation that the Second Circuit held "does not amount to a plausible claim under FLSA."

*Id.* at * 4 (emphasis in original) (citation omitted).

And, in *Boutros v. JTC Painting and Decorating Corp.*, 2013 WL 3110943 (S.D.N.Y. 6/19/13), the court similarly found an amended complaint to be insufficiently pled:

> Plaintiffs' allegations in this case are akin to the vague, conclusory pleadings in Lundy. Plaintiffs simply state that they "regularly" worked in excess of 40 hours per week but were paid only straight time wages for that work. That is all the detail that is provided – nowhere is there any reference to any particular week in which either Plaintiff worked more than 40 hours. Plaintiffs' pleadings, therefore, lack sufficient particularity to state a plausible FLSA claim.

8

*Id.* at * 3 (emphasis added). See also *Nakahata*, 2013 WL 3743152 at * 4 ("While plaintiffs now allege the 'typical' or 'approximate' number of hours per week they worked without proper compensation, they fail to allege the actual date for even a single instance of unpaid work.").

In their proposed amended complaint in this action, Plaintiffs purport to bring a collective action under the FLSA on behalf of a broad description of non-exempt employees who were allegedly deprived of overtime pay. However, the proposed amendment suffers the same fatal flaw as the pleadings in *Lundy*, *Nakahata*, *Cromwell*, and *Boutros*, and, therefore, would not survive a Rule 12 motion if filed.

Specifically, the proposed amended complaint pleads *only* bare, conclusory allegations with regard to the following Plaintiffs that fall woefully short of the Second Circuit's new pleading requirements for FLSA claims:

Plaintiff Mendez – The proposed amended complaint alleges (at ¶¶ 79-81) only that he "regularly" worked more than 40 hours per week, that Defendants "regularly" failed to pay him for his overtime worked, although Defendants "sometimes" paid him overtime, albeit late.

Plaintiff Coiscou – The proposed amended complaint does not even mention any facts describing a purported violation of the FLSA with Coiscou (at ¶¶ 82-86), yet the proposed 1st and 2nd causes of action seek relief on behalf of all "Plaintiffs".

Plaintiff Oliva – The proposed amended complaint does not mention a purported violation of the FLSA with Oliva, stating (at ¶¶ 110-111) only that he "regularly" worked more than 40 hours per week, but not alleging that that any particular *overtime* hours were unpaid.

Plaintiff Flores-Larios - The proposed amended complaint does not even mention any facts describing a purported violation of the FLSA with Flores-Larios (at ¶¶ 113-116), yet the proposed 1st and 2nd causes of action seek relief on behalf of all "Plaintiffs".

Plaintiff Cordova – The only reference in the proposed amended complaint to a purported FLSA violation against Cordova (at ¶ 120) is that he was allegedly not paid for overtime hours in 2008. However, 2008 falls far outside the statute of limitations under the FLSA (even assuming a maximum three-year statute of limitations). The proposed amended complaint does not otherwise plead any other facts to sufficiently state a claim under the FLSA

by Cordova, even though the proposed 1st and 2nd causes of action seek relief on behalf of all "Plaintiffs".

<u>Plaintiff Sante</u> - The proposed amended complaint does not even mention any facts describing a purported violation of the FLSA with Sante (at ¶¶ 122-125), yet the proposed 1st and 2nd causes of action seek relief on behalf of all "Plaintiffs".

In sum, Plaintiffs' proposed first and second causes of action for alleged unpaid (and untimely) overtime under the FLSA fall short of the Second Circuit's pleading requirements in *Lundy*, as recently applied in subsequent cases, because they fail to sufficiently "allege the actual date for even a single instance of unpaid work" (*Nakahata*, 2013 WL 3743152 at * 4), fail to "allege precisely when, or at what point" Plaintiffs "worked more than 40 hours" (*Cromwell*, 2013 WL 2099252 at * 4), and fail to identify "a single workweek in which Plaintiffs worked at least 40 hours and also worked uncompensated time in excess of 40 hours" (*Lundy*, 711 F.3d at 114). Rather, the proposed amended complaint relies solely on non-specific estimations, generalities, and wholly boilerplate and conclusory averments to describe the alleged FLSA violations. *Lundy*, 711 F.3d at 114. Accordingly, this Court should deny Plaintiffs' instant motion because the relief requested in the proposed first and second causes of action would be futile.

### C. Plaintiffs' Proposed 6th Cause Of Action For Alleged Wage Notice Violations Fails To Give Any Notice Of The Alleged Violation.

It is well-settled that, even under a liberal standard, pleadings are to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). *See also Luv N' Care Ltd. v. Toys "R" Us, Inc.*, 2012 WL 5265723, * 3 (S.D.N.Y. 10/24/12) (dismissing count because it "fails to apprise [defendant] of the true nature of the claim against it[.]").

10

Plaintiffs' proposed 6th cause of action states that all of the Defendants have violated the New York Wage Theft Prevention Act against all of the Plaintiffs. After alleging (at ¶ 152) a violation generally of the "notice provisions of the Wage Theft Prevention Act" (encompassing all of Article 6 of the New York Labor Law, the proposed amended complaint seemingly tries to focus on one provision when it refers (at ¶ 153) to "more specifically NYLL § 195-1." However, and assuming that the Named Plaintiffs are alleging that the violations occurred with respect to all of them, Defendants still would not have notice as to which of the several obligations contained in Section 195[1] of the New York Labor Law they are alleged to have violated.

Section 195[1] contained several obligations, including, among others, a requirement that certain notice be given to employees at the time of hire, as well as a requirement that certain notice be given to employees annually after the time of hire. What obligation(s) do Plaintiffs claim in their proposed 6th cause of action were not met? The proposed amended pleading does not say.

### D. Plaintiffs' Proposed Amended Complaint Improperly Lumps All Defendants Together And Fails To Allege Even A Minimal Set Of Facts As To Each Defendant's Involvement In The Alleged Violations.

The proposed amended complaint does not distinguish the four named Defendants (and, particularly, the three named individual Defendants) whatsoever for purposes of pleading specific facts as to which of the Defendants purportedly committed which of the many violations alleged in the proposed pleading, let alone any basis for this Court to impose liability as against any of the Defendants. Instead, the Complaint lumps everyone together attacks all of the Defendants as a group. Such blunderbuss, scattershot pleading is fatal to Plaintiffs' proposed pleading.

Indeed, the proposed pleading asserts virtually identical statements to "identify" each of the Defendants (at ¶¶ 25-48), and then refers to all of them throughout the proposed amended complaint collectively as "Defendants", and styles all seven of the proposed causes of action as against all of the "Defendants". Plaintiffs are obligated to identify who did what, so that each Defendant is on notice of what is being alleged against him, and so that each Defendant has a "due process" right to sufficiently respond to such directed allegations. That is the law, pure and simple. *See Polar Int'l Brokerage Corp. v. Reeve*, 108 F. Supp.2d 225, 236 (S.D.N.Y. 2000) ("It is well settled that '[w]here multiple defendants are called to respond to allegations of fraud, the complaint should inform each defendant of the nature of its alleged participation in the fraud.'"); *Medina v. Bauer*, 2004 WL 136636, * 6 (S.D.N.Y.) (plaintiff was impermissibly "lumping all the defendants together and failing to distinguish their conduct."); *Pludeman v. Northern Leasing Sys., Inc.*, 40 A.D.3d 366, 837 N.Y.S.2d 10 (1st Dep't 2007), *aff'd,* 10 N.Y.3d 486, 860 N.Y.S.2d 422 (2008) ("no allegations were directed at any of the individual defendants" and plaintiff's allegations were improperly "lumping all of the defendants together"). Accordingly, this Court should deny Plaintiffs' instant motion because the relief requested would be futile.

E. **Plaintiffs' Proposed Amended Complaint Otherwise Contains Several Allegations That Are Inappropriate In A Pleading.**

Several allegations in the proposed amended complaint would also be subject to a motion to strike under Rule 12(f) because they are "redundant, immaterial, impertinent, or scandalous." *See also In re Crazy Eddie Securities, Lit.*, 747 F. Supp. 850 (E.D.N.Y. 1990); *Politico v. Promus Hotels, Inc.*, 184 F.R.D. 232 (E.D.N.Y. 1999).

For example, several paragraphs of the proposed amended complaint consist of nothing more than improper rank hearsay. See, e.g., Ptf. Proposed Amd. Cplt. at ¶¶ 6, 58(a),

12

118, 119, 124. Others offer allegations that are scandalous and have nothing to do with any properly-asserted cause of action under the FLSA or the New York Labor Law. See, e.g., Ptf. Proposed Amd. Cplt. at ¶¶ 6, 102, 103, 104, 105. And, the proposed amended complaint, in addition to containing numbered paragraphs consisting of multiple statements within the same numbered paragraphs, also contains five *footnotes*, the first four of which contain legal citations as if the pleading were a legal brief. Accordingly, this Court should deny Plaintiffs' instant motion because the relief requested would be futile.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court deny Plaintiffs' instant motion for leave to file their proposed First Amended Complaint, and award Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 23, 2013

Respectfully submitted,

COZEN O'CONNOR
Attorneys for Defendants

By: _____
Michael C. Schmidt (MS7841)
277 Park Avenue
New York, New York 10172
(212) 453-3937

13

LEGAL\17263280\1