```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EFRAIN DANILO MENDEZ, et al.,

                        Plaintiff(s),          ORDER
                                                CV 12-5583  (ADS) (WDW)
        -against-

U.S. NONWOVENS CORP., et al.,

                        Defendant(s).
----------------------------------------------------------X
```
**WALL, Magistrate Judge:**

Before the court is plaintiffs' motion for conditional certification in a collective action pursuant to 29 U.S.C. §216(b).[1]  Docket Entry ("DE") [22] & [32].  Defendants oppose the motion.  DE [30] & [33].  For the reasons set forth herein, plaintiffs' motion is granted in part and denied in part.

## BACKGROUND

On November 13, 2012, plaintiffs commenced this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, and the New York State Labor Law, alleging that they and similarly situated co-workers were denied overtime compensation and spread of hours pay they worked for defendants.  On the current motion, they seek: "(1) Conditionally certifying this action as a representative collective action pursuant to the FLSA, 29 U.S.C. §216(b) on behalf [of] all non-exempt workers employed by defendant U.S. Nonwovens in the State of New York from November 14, 2009 to the present (the "FLSA Collective") . . . ;" (2) establishing a 60-day opt-in period for purported collective action members; (3) production, by

---

[1] A magistrate judge has jurisdiction over a motion seeking conditional certification in a collective action "because it is only a preliminary determination and is not dispositive." *Summa v. Hofstra University*, 715 F. Supp. 2d 378, 383 (internal quotations omitted).

defendants, of "a computer readable data file containing the name, last known mailing address (and all prior addresses), telephone number, date of birth, work location, and dates of employment for each member of the FLSA Collective"; (4) approval of their proposed notice and consent form and permission to provide notice by regular mail; and (5) an order directing defendants to post the notice and consent forms "next to each Time Clock/Biometric Scanner used by the FLSA Collective members" for the opt-in period. DE [22] at 1-2.

## DISCUSSION

FLSA provides a private right of action to "recover unpaid overtime compensation and liquidated damages from employers who violate the Act's overtime provisions." *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997) (citing 29 U.S.C. §216(b)). An action pursuant to section 216(b) may be brought as a collective action, that is, by "one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b). Unlike a class action, a FLSA collective action requires that a plaintiff demonstrate that he is "similarly situated" to other employees, and that employees affirmatively opt-in by signing and filing a consent form, rather than opt out. *See Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 267 (E.D.N.Y. 2005).

Courts in this Circuit typically follow a two step-certification process for FLSA collective actions. *See Sobczak v. AWL Indus., Inc.*, 2007 WL 4934239 (E.D.N.Y. Oct. 22, 2007); *Morales v. Plantworks*, 2006 WL 278154, at *1 (S.D.N.Y. Feb. 2, 2006) (collecting cases). In the first step, the court looks to the pleadings and affidavits to determine whether the potential class members are similarly situated, applying a lenient evidentiary standard. *See Cano v. Four M. Food Corp.*, 2009 WL 5710143, at *3 (E.D.N.Y. Feb. 3, 2009). Neither FLSA nor its implementing regulations define the term "similarly situated," but courts in this Circuit have

found that the plaintiff's burden is "minimal," requiring "'a modest factual showing sufficient to demonstrate that [she] and the potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Gayle v. Harry's Nurses Registry, Inc.*, 2009 WL 605790, at *10 (E.D.N.Y. Mar. 9, 2009) (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); *see also Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003).

"Because certification at this first early stage is preliminary and subject to reevaluation, the burden for demonstrating that potential plaintiffs are 'similarly situated' is very low." *Romero v. H.B. Automotive Group, Inc.*, 2012 WL 1514810, at *9 (quoting *Raniere v. Citigroup Inc.*, 2011 WL 5881926, at *22 (S.D.N.Y. Nov. 22, 2011)). "This low burden is consistent with the broad remedial purpose of the FLSA." *Id*. (internal citations omitted). During the first step in the certification process, courts should not address the merits of the underlying claims. *Lynch v. U.S. Auto. Assoc.*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). "The court is not to 'resolve factual disputes, decide substantive issues going to the merits, or make credibility determinations.'" *Romero*, 2012 WL 1514810, at *9 (quoting *Lynch*, 491 F. Supp. 2d at 368-69).

If the court finds that the plaintiffs and putative members of the collective action are similarly situated, "it conditionally certifies the class and permits notice to be sent to putative class members." *Morales v. PlantWorks*, 2006 U.S. Dist LEXIS 4267, at *3 (S.D.N.Y. Feb. 2, 2006) (internal citations omitted). Although FLSA does not expressly provide for notice, a court "has the discretionary power to authorize notification to 'similarly situated' potential plaintiffs and to direct a defendant employer to disclose the names and addresses of the relevant parties." *Vaicaitiene v. Partners in Care, Inc.*, 2005 WL 1593053, at *2 (S.D.N.Y. July 6, 2005) (citing *Patton v. Thomson Corp.,* 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005) (additional citations

omitted)). Sending of notice to similarly situated individuals "comports with the broad remedial purpose of the Act, . . . as well as with the interest of the courts in avoiding multiplicity of suits." *Braunstein v. Eastern Photographic Labs, Inc.*, 600 F.2d 335, 336 (2d Cir. 1978). Furthermore, "[o]nce the plaintiff seeks conditional certification, the court has broad discretion to order discovery, including the names and addresses of the potential plaintiffs to facilitate the opt-in process." *Harper v. Government Employees Ins. Co.*, 2011 WL 10548148, at *1 (E.D.N.Y. June 14, 2011) (citing *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 386 (W.D.N.Y. 2005)).

I find that conditional class certification is appropriate in this instance. Although defendants argue that plaintiffs have failed to make a "modest factual showing" of a plan or pattern of abuse by defendants, I find that plaintiffs, through the complaint and affidavits, have made the requisite showing of a pattern by defendants of failing to make overtime payments as required under FLSA. Compl. ¶¶ 63-66; Declaration of Efrain Danilo Mendez ¶¶ 7, 16-17; Declaration of Fernando Molina ¶¶ 5, 13; Declaration of Siryi Nayrobik Melendez ¶¶ 5, 13; Declaration of Ramiro Cordova ¶¶ 5, 10-11. All other arguments made by defendants against certification address the merits of plaintiffs' claims, which, as stated *supra*, are inappropriate for the court to address at this time. *Lynch*, 491 F. Supp. 2d at 368. Additionally, to further the opt-in process, defendants are to produce an electronic list of collective action class members containing their names, addresses, phone numbers, work locations, and dates of employment.

However, I find that the papers submitted by the parties do not adequately address the issue of notice to be sent to the prospective opt-in plaintiffs. Therefore, plaintiffs' requests with regard to notice are denied without prejudice to renew. The court directs the parties to meet and confer to prepare a notice form and to set time/place requirements for notifying the prospective

opt-in plaintiffs.  Either party may make a motion to this court if an agreement on notice cannot be reached after conference.

Dated: Central Islip, New York        **SO ORDERED:**
       November 15, 2013


                                                 s/ William D. Wall
                                              WILLIAM D. WALL
                                              United States Magistrate Judge