Steven John Moser (SM1133)
STEVEN J. MOSER, P.C.
3 School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420
smoser@moseremploymentlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EFRAIN DANILO MENDEZ, et al.

                              Plaintiffs,

        -against-

U.S. NONWOVENS CORP., et al.

                              Defendants.

Case No.: 12-cv-5583

**DECLARATION OF
STEVEN JOHN MOSER**

Steven John Moser declares the following:

1. I am the attorney for the individual named Plaintiffs and the Class.

2. I submit this declaration in support of an Order to Show Cause holding ADP, LLC in contempt of court for failing to obey two subpoenas.

3. On January 15, 2016 Judge Spatt granted class certification with regard to the Plaintiffs' spread of hours claims.  ECF No. 189.

4. The class as certified by Judge Spatt consists of  "[a]ll non-exempt workers employed by U.S. Nonwovens in the State of New York at any time from November 14, 2006 to the present."  ECF No. 189.

5. On February 5, 2016, I served a subpoena on ADP, LLC.  A copy of the February 5, 2016 subpoena is annexed hereto as Exhibit 1.

6. After service of the subpoena, Nancy Pennella, a representative of ADP, LLC, was in contact with my office and acknowledged receipt of the subpoena.  Her email is nancy.pennella@adp.com.

7. The February 5, 2016 subpoena to ADP called for the production of documents on or before March 6, 2016.

8. On March 1, 2016, Counsel for Defendants moved to Quash the February 5, 2016 subpoena. ECF No. 190.

9. On March 2, 2016 Plaintiffs opposed the motion to quash. ECF No. 191.

10. On March 10, 2016 the Court denied the Motion to Quash (ECF No. 190), finding that the information sought in the subpoena was "clearly relevant to the case." Electronic Docket Order (Mar. 10, 2016).

11. On March 10, 2016, I forwarded the Court's Docket Order via Email to Nancy Pennella. A copy of the email is annexed hereto as Exhibit 2.

12. On March 15, 2016 I received a response to the Subpoena. However, the response was inadequate. The Cover letter to ADP's subpoena response is annexed hereto as Exhibit 3.

13. The following chart shows what was requested from and what was produced by ADP, LLC.

|   | Documents Requested by February 5, 2016 Subpoena | ADP, LLC's March 15, 2016 Response |
|---|---|---|
| 1 | A report containing all of the following information for each hourly (non-exempt) employee of U.S. Nonwovens who has been employed at any time from November 14, 2009 to the present time (the relevant time period):<br>a.   Name;<br>b.   Total hours worked on a daily basis;<br>c.   Total meal time for each workday;<br>d.   Spread of hours for each workday;<br>e.   Regular rate(s) of pay for each workday;<br>**(Information was requested in computer-readable format such as Excel).** | No response |

|   | **Documents Requested by February 5, 2016 Subpoena** | **ADP, LLC's March 15, 2016 Response** |
|---|---|---|
| 2 | All weekly payroll information, including, but not limited to earnings, rates of pay, hours worked, gross wages, and deductions from wages, for all non-exempt (hourly) employees of U.S. Nonwovens who were employed at any time from November 14, 2009 to the present. **(Information was requested in computer-readable format such as Excel).** | ADP produced 97 separate files consisting of 21,030 pages of reports in PDF form.  The information is not in computer readable format and is virtually unusable because it cannot be converted to Excel.  In order to use the information we would have to re-enter approximately 630,000 lines of information into Excel. Representative pages are annexed hereto as Exhibit 4. |
| 3 | All contracts between Automatic Data Processing, Inc. ("ADP") and U.S. Nonwovens Corp., regardless of date.. | Contracts were provided. |
| 4 | All communications between ADP and U.S. Nonwovens Corp. concerning this lawsuit. | No response |
| 5 | All documents concerning your policies for the collection, retention, preservation, and disposal of payroll information in effect at any time from November 1, 2006 to the present. | No response |
| 6 | All communications between you and U.S. Nonwovens Corp. concerning the transmittal, collection, retention, preservation, production or disposal of payroll records of U.S. Nonwovens Corp. at any time from November 1, 2006 to the present time. | No response |
| 7 | All communications to you from November 14, 2012 to the present requesting that you preserve or produce payroll records of U.S. Nonwovens Corp. | No response |

14. On Wednesday, April 6, 2016 I spoke via telephone with Ms. Alice Quinn, another ADP representative, and informed her that we believed that the subpoena response was inadequate, and that we would be sending a separate subpoena for additional records not covered by the first subpoena.

15. Also on Wednesday, April 6, 2016, I sent an email to Ms. Quinn as follows:

    FYI on March 6, 2016 the attached subpoena was served on ADP.

    On March 10, 2016, after hearing USN's Motion to quash, Judge Steven I. Locke, USMJ, issued a docket order finding that "[t]he information sought relates to compliance with Judge Spatt's order and is clearly relevant to the case."

    To date, however, ADP has not fully complied with items (1), (2), (4), (5), (6) and (7).  As I mentioned in my telephone call, I am open to absorbing the cost of ADP's compliance.

    If you would like to discuss this further please contact me via email or call me at 516-671-1150.

    Thanks.

    Steve Moser

    A copy of this email is annexed hereto as Exhibit 5.

16. Also on Wednesday, April 6, 2016, I sent another email to ADP containing a second subpoena.   A copy of the email and the second subpoena are annexed hereto as Exhibits 6 & 7, respectively.

17. The return date of the April 6, 2016 subpoena was April 26, 2016.

18. On April 13, 2016 Ms. Alice Quinn of ADP provided a partial response to the April 6, 2016 subpoena.  Her email is annexed hereto as Exhibit 8.

19. The following summarizes the response of ADP to the April 6, 2016 subpoena.

(continued on next page)

|   | **Items Requested in April 6, 2016 Subpoena** | **ADP, LLC's Response** |
|---|---|---|
| 1 | A report containing all of the following information for each hourly (non-exempt) employee of U.S. Nonwovens who has been employed at any time from **November 14, 2006 to November 13, 2009** (the relevant time period):<br>    a. Name;<br>    b. Total hours worked on a daily basis;<br>    c. Total meal time for each workday;<br>    d. Spread of hours for each workday;<br>    e. Regular rate(s) of pay for each workday; | ADP responded that the information does not exist |
| 2 | All weekly payroll information, including, but not limited to earnings, rates of pay, hours worked, gross wages, and deductions from wages, for all non-exempt (hourly) employees of U.S. Nonwovens who were employed at any time from **November 14, 2006 to November 13, 2009.** | ADP responded that the information does not exist |
| 3 | To the extent not already provided in response to items 1 & 2 above, all punch records for all hourly employees of U.S. Nonwovens who were employed at any time from November 14, 2006 to the present | ADP advised that the requested information is in ADP's possession for the period from October 2011 to the present, but has not yet provided the information. |

20. On April 26, 2016 I advised ADP via email:

    As ADP has not yet complied with the March 6, 2016 subpoena we will be filing a contempt motion on April 29, 2015.  If you wish to avoid bearing the costs and fees associated with making the motion please contact me prior to close of business today.

21. On May 5, 2016 it will be three months since ADP was served with a subpoena to produce relevant wage and hour information.  This information is critically important considering the discrepancies found between the class list exchanged by US Nonwovens and the class list obtained from a review of third-party ADP and Paychex records.

22. In this case, ADP, LLC is aware that this Court has found the information sought to be "clearly relevant."

23. Rule 45(g) explicitly authorizes the "issuing court" to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

24. "Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions." Notes to 1991 Amendments (citing ICC v. Brimson, 154 U.S. 447 (1894)).

25. A prevailing party on a motion for contempt for disobedience of a subpoena is entitled to costs and fees. Baranski v. United States, 283 F.R.D. 520, 526 (E.D. Mo. 2012).

WHEREFORE, Plaintiffs respectfully request that the non-party ADP, LLC show cause why they should not be held in contempt for failure to obey the subpoenas dated February 5, 2016 and April 6, 2016, and for costs and fees associated with the making of this motion.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Glen Cove, New York
April 30, 2016

_____/s/_____
Steven John Moser