UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
Efrain Danilo Mendez a/k/a Efrain D. Mendez-Rivera,
Aldraily Alberto Coiscou, Fernando Molina a/k/a Jorge Luis
Flores Larios, Siryi Nayrobik Melendez, Rene Alexander
Oliva, Juan Flores Larios and Ramiro Cordova, individually
and on behalf of all others similarly situated,   Case No. 12-CV-05583 (SIL)

                              Plaintiffs,

               - *against* -

U.S. Nonwovens Corp., Samuel Mehdizadeh a/k/a Solomon
Mehdizadeh, Shervin Mehdizadeh, and Rody Mehdizadeh,

                              Defendants.
------------------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
# CLASS AND COLLECTIVE ACTION SETTLEMENT

Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
5 E. Main Street
Huntington, NY  11743
(631) 824-0200
smoser@moseremploymentlaw.com

# **TABLE OF CONTENTS**

INTRODUCTION AND PROCEDURAL HISTORY ................................................................... 1

THE PROPOSED SETTLEMENT ................................................................................................ 3

I.  CLASS DEFINITION. ........................................................................................................ 3

II. MONETARY TERMS. ....................................................................................................... 3

III. RELEASE ........................................................................................................................... 4

IV. CLASS ACTION SETTLEMENT PROCEDURE ............................................................. 5

ARGUMENT ................................................................................................................................. 7

I.  PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE ...................... 7

   A. The Proposed Settlement is Fair, Reasonable and Adequate. .............................................. 8

      1. Litigation Through Trial Would Be Complex, Costly and Long (*Grinnell* Factor 1). .... 9

      2. The Reaction of the Class Has Been Positive (*Grinnell* Factor 2). .................................. 9

      3. Discovery Has Advanced Far Enough To Allow The Parties To Responsibility Resolve The Case (*Grinnell* Factor 3). ................................................................................................ 10

      4. Plaintiffs Would Face Risks If The Case Proceeded (*Grinnell* Factors 4 and 5). ........... 10

      5. The Risks Of Maintaining The Class Action Through Trial (*Grinnell* Factor 6). ......... 11

      6. Defendants' Ability to Withstand a Greater Judgment Is Not Assured  (*Grinnell* Factor 7). 11

      7. The Settlement Fund Is Substantial In Light Of The Possible Recovery And The Attendant Risks Of Litigation (*Grinnell* Factors 8 and 9). .................................................................... 12

II.  CERTIFICATION OF THE RULE 23 SETTLEMENT CLASS IS APPROPRIATE ......... 13

III. THE PROPOSED CLASS NOTICE IS APPROPRIATE ................................................. 13

CONCLUSION ............................................................................................................................ 14

## TABLE OF AUTHORITIES

**Supreme Court Opinions**

*Anderson v. Mt. Clemens Pottery Co.*,
   328 U.S. 680 (1946) ................................................................................................ 10

*Comcast Corp. v. Behrend*,
   133 S. Ct. 1426 (2013) ..................................................................................... 10-11

**Second Circuit Opinions**

*Clark* v. *Ecolab, Inc.*,
   No. 06 Civ. 5672 (PAC), 2009 U.S. Dist. LEXIS 108736 (S.D.N.Y. Nov. 17, 2009) ............. 7

*Mendez v. U.S. Nonwovens Corp.*,
   314 F.R.D. 30 (E.D.N.Y. 2016) ................................................................................ 2, 13

*Detroit v. Grinnell Corp.*,
   495 F.2d 448 (2d Cir. 1974) ...................................................................................... 8

*Frank v. Eastman Kodak Co.*,
   228 F.R.D. 174 (W.D.N.Y. 2005) ............................................................................... 7

*Garcia* v. *Pancho Villa's of Huntington Vill., Inc.*,
   No. 09-CV-486 (ETB), 2012 U.S. Dist. LEXIS 144446 (E.D.N.Y. Oct. 4, 2012) .......... 11, 12

*In re Austrian & German Bank Holocaust Litig.*,
   80 F. Supp. 2d 164 (S.D.N.Y. 2000) ......................................................................... 9

*In re Ira Haupt & Co.*,
   304 F. Supp. 917 (S.D.N.Y. 1969) ........................................................................... 10

*In re PaineWebber Pshps. Litig.*,
   171 F.R.D. 104 (S.D.N.Y. 1997) .............................................................................. 10

*In re Traffic Exec. Ass'n—E. Railroads*, 627 F.2d 631 (2d Cir. 1980) ......................... 7

*Karic v. Major Auto. Cos.*,
   No. 09 CV 5708 (CLP), 2016 U.S. Dist. LEXIS 57782 (E.D.N.Y. Apr. 27, 2016) .......... 10

*Kochilas v. Nat'l Merch. Servs.*,
   No. 1:14-cv-00311, 2015 U.S. Dist. LEXIS 135553 (E.D.N.Y. Oct. 2, 2015) ................ 8

*Lovaglio v. W & E Hosp. Inc.*,
   No. 10 CIV 7351 (LLS), 2012 U.S. Dist. LEXIS 72645 (S.D.N.Y. Mar. 12, 2012) .......... 8

*Maley v. Del Global Techs. Corp.*,
   186 F. Supp. 2d 358 (S.D.N.Y. 2002) ....................................................................... 9

*Maywalt v. Parker & Parsley Petrol. Co.*,

    67 F.3d 1072 (2d Cir. 1995) ............................................................................................... 7

*Sierra v. Spring Scaffolding L.L.C.*,
    No. 12-cv-05160 (JMA), 2015 U.S. Dist. LEXIS 178006 (E.D.N.Y. Sept. 30, 2015) .......... 12

*Sukhnandan v. Royal Health Care of Long Island, L.L.C.*, No. 12 Civ.
    4216 (RLE), 2013 U.S. Dist. LEXIS 126004 (S.D.N.Y. Sept. 3, 2013) ............................. 7, 13

*Tiro* v. *Pub. House Invs., L.L.C.*,
    No. 11 Civ. 8249 (CM), 2013 U.S. Dist. LEXIS 72826 (S.D.N.Y. May 22, 2013) ............... 13

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396F.3d 96, (2d Cir. 2005) ............................................................................................. 6-7

*Yuzary v. HSBC Bank USA, N.A*, No. 12 Civ.
    3693 (PGG), 2013 U.S. Dist. LEXIS 61643 (S.D.N.Y. Apr. 29, 2013) ................................... 7

**Federal Court Opinions**

*In re Warfarin Sodium Antitrust Litig.*,
    391 F.3d 516 (3d Cir. 2004) ............................................................................................. 9-10

*Officers for Justice v. Civil Serv. C*om.,
    688 F.2d 615 (9th Cir. 1982) ............................................................................................. 12

**Rules**

Fed. R. Civ. P. 23 ........................................................................................2, 3, 4,  5, 10, 12

**Other**

12 *NYCRR*
    § 142-2.4 ............................................................................................................... 3, 12

# INTRODUCTION AND PROCEDURAL HISTORY[1]

This class and collective action was filed on November 13, 2012.  (*See* Complaint, DE 1).

Efrain Danilo Mendez a/k/a Efrain D. Mendez-Rivera, Aldraily Alberto Coiscou, Fernando Molina a/k/a Jorge Luis Flores Larios, Siryi Nayrobik Melendez and Rene Alexander Oliva, suing individually and on behalf of all others similarly situated, asserted five causes of action (1) unpaid overtime under the FLSA (2) unpaid overtime under the NYLL (3) untimely payment of wages under NYLL § 191, (4) spread of hours pay under the miscellaneous wage order and (5) statutory damages for failure to issue wage notices under NYLL § 195(1).

On August 28, 2013, the Plaintiffs moved to amend the complaint to assert two additional causes of action, and to add three class representatives - Juan Flores Larios, Ramiro Cordova, and Daniel Sante.  (DE 18-19).  The motion was granted by Judge Spatt on March 5, 2014 (DE 67) and the amended complaint was filed on March 12, 2014.  (DE 70).   The amended complaint asserted causes of action as follows:

(1) untimely payment of overtime wages under the FLSA;

(2) unpaid overtime under the FLSA;

(3) unpaid overtime under the NYLL;

(4) untimely payment of wages under NYLL § 191;

(5) spread of hours pay under the miscellaneous wage order;

(6) statutory damages for failure to issue wage notices under NYLL § 195(1); and \

(7) breach of contract for failure to pay all straight wages earned under the New York common law.

(*See* DE 70).

---

[1] Facts set forth in this section are supported by the Declaration of Steven J. Moser in Support of Plaintiffs' Motion for Preliminary Approval of Class And Collective Action Settlement.

1

On September 16, 2013, the Plaintiffs filed a letter motion for conditional certification and court-authorized notice to the collective under the FLSA. DE 22 and DE 24 (Sept. 19, 2013). On November 13, 2013, the Honorable William D. Wall, USMJ granted plaintiff's motion for conditional FLSA certification, and directed the parties to meet and confer with regard to the content of the proposed notice (DE 38).

Prior to the mailing of the collective action notice, 16 individuals filed consents to join the collective action. (DE 46-61; 72-74). Following the posting and mailing of notices, an additional 57 consent forms were filed. (DE 101-113, 115-153, 155-159).

On July 20, 2015, Plaintiffs filed a motion for Rule 23 Class Certification. (DE 170-172). Defendants opposed the motion and cross-moved to decertify the FLSA collective action. (DE 174-176). By Order dated January 15, 2016, Judge Spatt denied Plaintiff's motion for class certification with respect to the third, fourth, and seventh causes of action, and certified a class solely with respect to the fifth cause of action for spread of hours pay. (DE 189, *Mendez v. U.S. Nonwovens Corp.*, 314 F.R.D. 30, 35 (E.D.N.Y. 2016)). On March 31, 2016, Judge Steven I. Locke, USMJ, granted Defendants' motion to decertify the FLSA collective. (DE 192). Thus, as of this time, the only remaining claims in this case were: (i) counts 1, 2, 3, 4, 6, and 7 on behalf of the named Plaintiffs only, and (ii) count 5 on behalf of the named Plaintiffs and the Rule 23 class.

Following the completion of discovery, the parties selected a mediator from the EDNY panel – Patrick M. McKenna. See docket entry dated February 12, 2018. On February 16, 2018, the parties participated in an all-day mediation session with Mr. McKenna, as a result of which the parties reached a proposed class action settlement to resolve all outstanding claims.

Following the settlement, Plaintiff's counsel was unable to locate all of the class representatives to obtain signatures. After investigation, Plaintiff's counsel was able to locate all class representatives with the exception of Daniel Sante. In November 2019 Plaintiffs' counsel filed a motion to withdraw as to Daniel Sante. (DE 252-253). The motion was granted on January 27,

2020 and any and all individual claims brought by Plaintiff Sante were dismissed with prejudice. He still may participate as a class member, however (*See* DE 256).

Plaintiffs now move for preliminary approval of the proposed class and collective action settlement.

## THE PROPOSED SETTLEMENT

A copy of the proposed settlement entitled "Joint Class and Collective Action Settlement Agreement" ("Settlement Agreement") is annexed hereto as Exhibit 2. The significant terms of the Settlement Agreement are as follows:

**I.  CLASS DEFINITION.**

The "Rule 23 Class" is defined as "all non-exempt workers employed by USN in the State of New York at any time from November 14, 2006 to the date of preliminary approval of this Agreement who were not paid a spread-of-hours premium pursuant to 12 NYCRR §142-2.4." (Settlement Agreement § 1(b), p. 2).

**II.  MONETARY TERMS.**

The total settlement amount is $1.2 Million. (Settlement Agreement § 1(k), p. 3).

Out of the settlement, the amount payable to the class will be $800,000.00, less service awards to the class representatives and litigation and settlement administration costs. (*See id.* § 1(l), p. 3(defining "Class Settlement Amount"), § 1(m), p. 3 (defining "Net Settlement Fund") and § 4(E)(3), p. 10 (permitting payment of litigation costs from the Net Settlement Fund)). The Net Settlement Fund will be distributed on a "claims made" basis, (*See* "Claim Period", infra) and unclaimed funds shall revert to the Defendants. (*See* Settlement Agreement § 4(B), p. 6). The service awards are capped at $70,000 for all 7 class representatives combined. (*Id.* § 4(E)(2), at 9). Service awards not approved by the Court shall revert to the Defendants. (*Id.*).

3

The Settlement Administration Costs shall not exceed $25,000.00. (*Id.* § 4(D)(2), p. 8).

Attorneys' Fees are capped at $400,000.00. (*See id.* § 4(E)(3), pp. 9-10) and litigation costs are capped at $10,000.00. (*See id.* § 4(E)(3), p. 10). Attorneys' fees not approved by the Court will also revert to USN. (*See id.* § 4(E)(3), p. 10).

Distribution Formula. Each class member's individual share of the Net Settlement Fund will be determined according to the following formula:

> (a) Each Rule 23 Class Member will receive one (1) point for every week worked for the period from November 30, 2006 through February 28, 2018.
>
> (b) Each Rule 23 Class Member shall receive an additional (3) points for every week during which the employee earned the minimum wage between November 30, 2006 through February 28, 2018.
>
> (c) The Net Settlement Fund will be divided by the aggregate number of points accrued by all of the Rule 23 Class Members ("Point Value").
>
> (d) Each Rule 23 Class Member's total points will be multiplied by the Point Value to determine his or her Individual Settlement Payment Amount.

### III. RELEASE

NYLL Release. Each Rule 23 Class Member who does not opt-out of the settlement will release Defendants

> from any and all claims related to any alleged failure to pay wages, overtime, spread-of-hours payments, and any other monies under state or local law, including related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses from the beginning of time to the date of entry of Final Approval[.]

(*Id.* § 5(A), p. 12).

FLSA Release. In addition, each Named Plaintiffs, and each Qualified Claimant will release defendants "from any and all claims related to an alleged failure to pay any monies under the federal FLSA." (*Id.* § 5(B), pp. 12-13).

4

## IV.  CLASS ACTION SETTLEMENT PROCEDURE

Courts have established a defined procedure and specific criteria for settlement approval in class action settlements that include three distinct steps:

1. Preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval and certification of the settlement class;

2. Dissemination of mailed and/or published notice of settlement to all affected class members; and

3. A final settlement approval hearing at which class members may be heard regarding the settlement, and at which argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

*See* Fed. R. Civ. P. 23(e); Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("Newberg") §§ 11.22 *et seq*. (4th ed. 2002).  With this motion, the Plaintiffs request that the Court take the first step – granting preliminary approval of the Settlement Agreement, conditionally certifying the settlement class, approving the proposed Notice and authorizing the Claims Administrator to send it.

The Plaintiffs respectfully submit the following proposed schedule for final resolution of this matter in the event that the Court finds preliminary approval is appropriate:

1. <u>Class list</u>.  If the Court grants preliminary approval, then within 10 days after the Court's entry on ECF of the Preliminary Approval Order, USN will furnish the class list to the Settlement Claims Administrator and Settlement Class Counsel. (Settlement Agreement § 4(A)(1), p. 4).

2. <u>Mailing</u>.  Within 10 days after receiving the class list, the Settlement Claims Administrator will mail Notice Packets. (Settlement Agreement § 4(A)(2), pp. 4-5).

3. <u>Claim Period</u>.  In order to be eligible to receive a share of the settlement, class members must execute a Claim Form and Release.  The Claim Form and Release must be postmarked or received by mail by the Settlement Claims Administrator within the

5

later of 45 days after the date on which the Notice Packets are initially mailed to the Rule 23 Class by the Settlement Claims Administrator, or 30 days after the Notice Packets are re-mailed to the Settlement Claims Administrator. (the Claim Period). (Id. § 4(A)(2), p. 5).

4. <u>List of Qualified Claimants</u>. Within 10 days after the expiration of the Claim Period, the Settlement Claims Administrator will furnish the list of Qualified Claimants and a computation of the amount necessary to fund all Settlement Payments to Qualified Claimants.

5. <u>Final Approval</u>. Within 30 days after the expiration of the Claim Period, or such earlier date as may be required by the Court, Settlement Class Counsel shall file a motion for final approval. (Id. § 4(C), pp. 6-7). With the application for final approval of the class action settlement, class counsel shall make an application to the Court for an award of attorneys' fees (in the amount of one-third of the Total Settlement Amount), as well as Court approval of service awards to the named plaintiffs, settlement administration costs to the claims administrator, and litigation costs to class counsel. (Id. § 4(E)(3), pp. 9-10).

6. <u>Funding and Payment</u>. If the Settlement Agreement is finally approved by the Court, USN shall pay the Total Settlement Amount within 30 days after entry of the Final Approval Order. (Id. § 4(C), pp. 6-7). The settlement claims administrator shall then mail the settlement checks to the Qualified Claimants within 5 days of receipt of the settlement funds. (See id. § 4(F)(1), p. 11). Qualified Claimants will have 30 days after the check issue date to negotiate the settlement check. (Id. § 4(F)(4), p. 11).

**ARGUMENT**

I.    **PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE**

The law favors compromise and settlement of class action lawsuits. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (noting the "strong judicial policy in favor of settlements particularly in the class action context") (internal citation omitted). The approval of a proposed class action settlement is a matter for the discretion of the trial court. *Maywalt v. Parker & Parsley Petrol. Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995). "In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases because they and their counsel are in unique positions to assess potential risks." *Yuzary v. HSBC Bank USA, N.A*, No. 12 Civ. 3693 (PGG), 2013 U.S. Dist. LEXIS 61643, at *3 (S.D.N.Y. Apr. 29, 2013) (citation omitted). At the first step in the settlement process, preliminary approval "simply allows notice to issue to the class and for Class Members to object to or opt-out of the settlement." *Id.*

Preliminary approval requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Clark v. Ecolab, Inc.*, No. 06 Civ. 5672 (PAC), 2009 U.S. Dist. LEXIS 108736, at *14-15 (S.D.N.Y. Nov. 17, 2009). Nevertheless, courts often grant preliminary settlement approval without requests for a hearing or a court appearance. *Sukhnandan v. Royal Health Care of Long Island, L.L.C.*, No. 12 Civ. 4216 (RLE), 2013 U.S. Dist. LEXIS 126004, at *1 (S.D.N.Y. Sept. 3, 2013). To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n—E. Railroads*, 627 F.2d 631, 634 (2d Cir. 1980); *see Newberg §* 11.25 ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness … and appears to fall within the range of possible approval," the court should permit notice of the settlement to be sent to class members).

"Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005). A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery. *Lovaglio v. W & E Hosp. Inc.*, No. 10 CIV 7351 (LLS), 2012 U.S. Dist. LEXIS 72645, at *1 (S.D.N.Y. Mar. 12, 2012) (granting preliminary approval where settlement was "the result of extensive, arm's length negotiations by counsel well-versed in the prosecution and defense of wage and hour class and collective actions"). "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *Kochilas v. Nat'l Merch. Servs.*, No. 1:14-cv-00311, 2015 U.S. Dist. LEXIS 135553, at *8 (E.D.N.Y. Oct. 2, 2015).

### A. The Proposed Settlement is Fair, Reasonable and Adequate.

In evaluating a class action settlement, courts in the Second Circuit consider the nine factors set forth in *Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). Although the Court need not evaluate the *Grinnell* factors in order to conduct its initial evaluation of the settlement, it may be useful for the Court to consider the criteria upon which it will ultimately judge the settlement. The *Grinnell* factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light

8

of all the attendant risks of litigation. *Grinnell*, 495 F.2d at 463. Applied here, the *Grinnell* factors weigh in favor of preliminary approval of the Settlement Agreement.

### 1. Litigation Through Trial Would Be Complex, Costly and Long (*Grinnell* Factor 1).

By reaching a favorable settlement prior to dispositive motions or trial, Plaintiffs seek to avoid significant expense and delay and ensure a speedy recovery for the class. "Most class actions are inherently complex, and settlement avoids the costs, delays and multitude of other problems associated with them." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000).

Although there has been significant discovery, a fact-intensive trial would be necessary that would cause significant additional delay beyond what has transpired to date through this long litigation. In addition, Plaintiffs anticipate the need for representative testimony and expert testimony on issues of liability and damages. A trial on liability and damages would be costly and would further defer closure. Any judgment might be appealed, thereby extending the duration of the litigation. This settlement, on the other hand, makes monetary relief available to Class Members in a more prompt and efficient manner.

### 2. The Reaction of the Class Has Been Positive (*Grinnell* Factor 2).

"It is well-settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy." *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 362 (S.D.N.Y. 2002). Here, the Class representatives have all expressed their approval of the settlement terms by signing the Settlement Agreement. *See* Exhibit 2 to the Moser Decl. After notice issues and Class Members have had an opportunity to weigh in, the Court can more fully analyze this factor.

### 3. Discovery Has Advanced Far Enough To Allow The Parties To Responsibility Resolve The Case (*Grinnell* Factor 3).

The parties have completed enough discovery to recommend settlement. The pertinent question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3d Cir. 2004) (quoting *In re Cendant Corp. Litig.* 201, 235 (3d Cir. 2001)) (internal quotation marks omitted). The parties have had the opportunity to conduct full fact discovery (including depositions) and the Plaintiffs have obtained class-wide wage and hour information from ADP. In addition, Defendants furnished over 30,000 pages of paper documents. Therefore, the parties were well-equipped to evaluate the strengths and weaknesses of the case.

### 4. Plaintiffs Would Face Risks If The Case Proceeded (*Grinnell* Factors 4 and 5).

"Litigation inherently involves risks." *In re PaineWebber Pshps. Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997). Indeed, "[i]f settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of outcome." *In re Ira Haupt & Co.*, 304 F. Supp. 917, 934 (S.D.N.Y. 1969); *see also Karic v. Major Auto. Cos.*, No. 09 CV 5708 (CLP), 2016 U.S. Dist. LEXIS 57782, at *19 (E.D.N.Y. Apr. 27, 2016).

While the Plaintiffs believe that they would prevail, the Defendants similarly believe that they have defenses at trial, and a finding of liability is not a certainty. Furthermore, the amount of damages is not subject to precise mathematical computation. Where an employer maintains accurate wage and hour records, an analysis of those records can yield a fairly precise computation of damages. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). In this case, representative testimony and expert testimony would be necessary to establish the extent of damages, with the concomitant risk that damages proven would not exceed the amount of the settlement, and might in fact prove lower.

The proposed settlement alleviates this risk. Thus, this factor weighs in favor of preliminary approval.

### 5. The Risks Of Maintaining The Class Action Through Trial (*Grinnell* Factor 6).

The Court has certified a class under Fed. R. Civ. P. 23 and appointed class counsel for one of the causes of action asserted. However, the burden is on the Plaintiffs to establish class-wide damages. *See Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013) ("[A]t the class-certification stage (as at trial)", plaintiffs must demonstrate that "damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(2)."). Again, while the Plaintiffs believe they would ultimately prevail, settlement at this time eliminates the risk of maintaining the class action through trial, establishing damages, and the delay associated with a full trial and any possible appeals.

### 6. Defendants' Ability to Withstand a Greater Judgment Is Not Assured (*Grinnell* Factor 7).

Defendants did not furnish comprehensive financial information beyond what was required in discovery and provided during mediation. Therefore, the ability to withstand a greater judgment cannot be fully evaluated. Even if Defendants could afford to pay more, a "defendant's ability to withstand greater judgment, standing alone, does not suggest that the settlement is unfair." *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, No. 09-CV-486 (ETB), 2012 U.S. Dist. LEXIS 144446, at *13 (E.D.N.Y. Oct. 4, 2012) (quoting *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005)). In this case, settlement eliminates the uncertainty concerning the collectability of an eventual judgment in the future.

### 7. The Settlement Fund Is Substantial In Light Of The Possible Recovery And The Attendant Risks Of Litigation (*Grinnell* Factors 8 and 9).

The total settlement amount of $1,200,000.00 represents a good value given the risks of litigation, even though the recovery could potentially be greater if Plaintiffs succeed on all claims at trial and survive an appeal. Weighing the benefits of the settlement against the risks associated with proceeding in the litigation, the settlement amount is reasonable.

The maximum spread of hours damages computed by the Plaintiffs for the Class is approximately $1.25M.[2] The Defendants would likely oppose these calculations.[3] But even assuming that the Plaintiffs were to obtain a Judgment for the maximum computed damages, this fact, standing alone would not render the settlement unfair. "It is well-established that a cash settlement amounting to only a fraction of the potential recovery will not *per se* render the settlement inadequate or unfair." *Officers for Justice v. Civil Serv. Com.*, 688 F.2d 615, 628 (9th Cir. 1982); *see also Karic*, No. 09-CV-5708 (CLP), at *30-31. The settlement in this case provides a significant portion of even the total amount calculated by Plaintiffs.

The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Garcia*, 2012 U.S. Dist. LEXIS 144446, at *14 (quoting *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005)). "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Garcia*, 2012 U.S. Dist. LEXIS 144446 (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). Moreover, when settlement assures immediate payment of substantial amounts to class members, "even if it means sacrificing

---

[2] Moser Decl. ¶ 13.
[3] Moser Decl. ¶ 15.

12

'speculative payment of a hypothetically larger amount years down the road,'" settlement is reasonable under this factor. *Sierra v. Spring Scaffolding L.L.C.*, No. 12-cv-05160 (JMA), 2015 U.S. Dist. LEXIS 178006, at *17 (E.D.N.Y. Sept. 30, 2015).

## II. **CERTIFICATION OF THE RULE 23 SETTLEMENT CLASS IS APPROPRIATE**

The Plaintiffs respectfully request that the Court conditionally certify the following Fed. R. Civ. P. 23 class for settlement purposes:

> all non-exempt workers employed by USN in the State of New York at any time from November 14, 2006 to the date of preliminary approval of this Agreement who were not paid a spread-of-hours premium pursuant to 12 NYCRR §142-2.4.

(*See* Settlement Agreement § 1(b), p. 2).

The court has already granted class certification under Rule 23(a) and appointed the Moser Law Firm as Class Counsel for a spread of hours class. (*See* DE 189, *Mendez v. U.S. Nonwovens Corp.*, 314 F.R.D. 30, 35 (E.D.N.Y. 2016)).

## III. **THE PROPOSED CLASS NOTICE IS APPROPRIATE**

The content of the proposed Settlement Notice, which is attached as Exhibit A of Exhibit 2 to the Moser Declaration, fully complies with due process and Federal Rule of Civil Procedure 23(c)(2)(B). The Settlement Notice satisfies each of the requirements of the Rule and explains the basis on which each Class Member's award will be determined, the allocation of attorneys' fees and costs, and provides specific information regarding the date, time, and place of the final approval hearing and how to file a claim, opt out of the settlement, or object to from the settlement. This information is adequate to put Class Members on notice of the proposed settlement and is well within the requirements of Rule 23(c)(2)(B). *See, e.g.,* S*ukhnandan,* 2013 U.S. Dist. LEXIS 126004, at *16 (class notice need only describe the terms of the settlement generally); *Tiro v. Pub.*

13

*House Invs., L.L.C.*, No. 11 Civ. 8249 (CM), 2013 U.S. Dist. LEXIS 72826, at *15-16 (S.D.N.Y. May 22, 2013).

## CONCLUSION

For the reasons set forth above, the parties respectfully request that the Court (i) certify the Settlement Class for settlement purposes; (ii) preliminarily approve the terms and conditions of the Settlement Agreement; (iii) direct the manner and timing of providing Notice to the Settlement Class; and (iv) set the dates and deadlines for effectuating the settlement and enter the proposed Order annexed to the Notice of Motion as Exhibit 1.

Dated: Huntington, New York
August 18, 2020

Respectfully submitted,
MOSER LAW FIRM, P.C.
*CLASS COUNSEL*
5 East Main Street
Huntington, New York 11743
(631) 824-0200

By: _____
Steven J. Moser