# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Efrain Danilo Mendez a/k/a Efrain D. Mendez-Rivera, Aldraily
Alberto Coiscou, Fernando Molina a/k/a Jorge Luis Flores Larios,
Siryi Nayrobik Melendez, Rene Alexander Oliva, Juan Flores
Larios and Ramiro Cordova, individually and on behalf of all
others similarly situated,

                                              Plaintiffs,            **12-CV-5583 (ADS) (SIL)**

                         - against -

U.S. Nonwovens Corp., Samuel Mehdizadeh a/k/a Solomon
Mehdizadeh, Shervin Mehdizadeh, and Rody Mehdizadeh,

                                              Defendants.

## JOINT CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT

This Joint Class and Collective Action Settlement Agreement (**"Agreement"**) is made by

and between (i) Efrain Danilo Mendez a/k/a Efrain D. Mendez-Rivera, Aldraily Alberto Coiscou,

Fernando Molina a/k/a Jorge Luis Flores Larios, Siryi Nayrobik Melendez, Rene Alexander Oliva,

Juan Flores-Larios, and Ramiro Cordova; (ii) the Rule 23 Class and FLSA Class, (iii) U.S.

Nonwovens Corp., including such entity's parents, subsidiaries, affiliates, shareholders, officers,

directors, members, employees, agents, (collectively, **"USN"**), and the individual Defendants

Samuel Mehdizadeh a/k/a Solomon Mehdizadeh, Shervin Mehdizadeh, and Rody Mehdizadeh to

voluntarily and completely settle and resolve the matters in the Lawsuit and the wage and hour

claims that were or could have been asserted by the parties to this Agreement. The Named

Plaintiffs, Rule 23 Class, FLSA Class, and USN may be separately referred to as a **"Party"** and

may be collectively referred to as the **"Parties"**.

1.      **DEFINITIONS**

        (a)      **Named Plaintiffs.** The "Named Plaintiffs" are Efrain Danilo Mendez a/k/a Efrain

D. Mendez-Rivera, Aldraily Alberto Coiscou, Fernando Molina a/k/a Jorge Luis Flores Larios, Siryi Nayrobik Melendez, Rene Alexander Oliva, Juan Flores-Larios and Ramiro Cordova.

(b)   **Rule 23 Class.** The "Rule 23 Class" is all non-exempt workers employed by USN in the State of New York at any time from November 14, 2006 to the date of preliminary approval of this Agreement who were not paid a spread-of-hours premium pursuant to 12 NYCRR §142-2.4.

(c)   **FLSA Class.** The "FLSA Class" is (a) all Named Plaintiffs and (b) any member of the Rule 23 Class who opts-in to the FLSA Class by (i) returning a Claim Form and Release in accordance with this Agreement and/or (ii) depositing/cashing a Settlement Payment.

(d)   **Settlement Class.** The "Settlement Class" is the Named Plaintiffs, Rule 23 Class, and FLSA Class. Solely for purposes of settling the Lawsuit, the Parties stipulate and agree that the requisites for establishing and maintaining class and collective certification with respect to the Settlement Class have been and are met. The Parties further stipulate and agree that evidence of this limited stipulation for settlement purposes only shall not be deemed admissible for any other purpose in this or any other proceeding.

(e)   **Service Award Recipients.** The "Service Award Recipients" are each of the Named Plaintiffs.

(f)   **Lawsuit.** The "Lawsuit" is the above-captioned lawsuit commenced on November 13, 2012.

(g)   **Settlement Class Counsel.** "Settlement Class Counsel" is Moser Law Firm, P.C., attention: Steven J. Moser, Esq., 3 School Street, Suite 207B, Glen Cove, New York 11542, (516) 671-1150.

(h)   **USN Counsel.** "USN Counsel" is Cozen O'Connor, attention: Michael C. Schmidt, Esq., 277 Park Avenue, New York, New York 10172, (212) 453-3937.

(i)    **Settlement Claims Administrator.**   "Settlement Claims Administrator" is Settlement Services, Inc., PO Box 1657, Tallahassee, FL 32302, (866) 385-6216.

(j)    **Qualified Claimant.**   "Qualified Claimant" is (i) any Rule 23 Class member who timely and properly returns a completed and executed Claim Form and Release, and, therefore, is entitled to receive his or her finalized share of the Net Settlement Fund, and (ii) the Named Plaintiffs

(k)    **Total Settlement Amount.**   "Total Settlement Amount" means a total sum not to exceed $1,200,000.00.  The "Total Settlement Amount" is the total amount to be paid by USN and includes all amounts and payments as set forth in Section 4[B] of this Agreement.

(l)    **Class Settlement Amount.**   "Class Settlement Amount" means a total sum not to exceed $800,000.00.

(m)    **Net Settlement Fund.** "Net Settlement Fund" is the remainder of the Class Settlement Amount after deductions for: (i) the Service Payments awarded by the Court and (ii) Settlement Administration Costs.

2.    **COOPERATION**

The Parties shall cooperate and present to the Court for its consideration in connection with the approval of this Agreement and the Court-facilitated notice such information and/or documents as may be reasonably requested by the Court.

3.    **SETTLEMENT APPROVAL PROCEDURE**

A.    **Preliminary Approval.**  Within 7 days after this Agreement is fully-executed by the appropriate Parties, or such earlier date as may be required by the Court, Settlement Class Counsel shall file with the Court the Joint Motion for Order Granting Preliminary Approval of the Settlement and Authorizing Notice of Settlement (**"Preliminary Approval Motion"**), which shall be reviewed

and approved by USN Counsel prior to such filing. A copy of the proposed Order on Preliminary Approval Motion (**"Preliminary Approval Order"**) is attached to this Agreement as Exhibit A. A copy of the proposed Notice of Settlement, and the Claim Form and Release (collectively, **"Notice Packet"**) are attached collectively to this Agreement as Exhibit B.

  **B.**   <u>Final Approval.</u> Within 30 days after the expiration of the Claim Period, or such earlier date as may be required by the Court, Settlement Class Counsel shall file with the Court the Joint Motion for Order Granting Final Approval of the Settlement (**"Final Approval Motion"**), which shall be reviewed and approved by USN Counsel prior to such filing. A copy of the proposed Order on Final Approval Motion (**"Final Approval Order"**) is attached to this Agreement as Exhibit C.

**4.**   <u>MODE, CALCULATION AND TIMING OF PAYMENT OF CLAIMS</u>

  **A.**   <u>Notice of Claims.</u>

   **1.**   Within 10 days after the Court's entry on ECF of the Preliminary Approval Order, USN Counsel shall provide the Settlement Claims Administrator and Settlement Class Counsel with an Excel spreadsheet listing the names and last known contact information of the Named Plaintiffs and Rule 23 Class (the "Class List"). Settlement Class Counsel shall also provide the Settlement Claims Administrator with any updated contact information for the Named Plaintiffs and Rule 23 Class. Settlement Class Counsel shall not use the Class List for any purpose other than to enforce the terms of this agreement.

   **2.**   Within 10 days after receiving the spreadsheet referred to in Paragraph 4[A][1] of this Agreement, the Settlement Claims Administrator at its sole cost shall mail to Rule 23 Class, via first class mail, in one mailing, all Notice Packets with an enclosed postage-paid return envelope. In order to receive any monetary proceeds of the settlement, an original, properly

executed and completed Claim Form and Release must be postmarked or received by mail by the Settlement Claims Administrator within the later of 45 days after the date on which the Notice Packets are initially mailed to the Rule 23 Class by the Settlement Claims Administrator, or 30 days after the Notice Packets are re-mailed to the Settlement Claims Administrator.. The Named Plaintiffs shall furnish duly executed W-4 and W-9 forms to the Claims Administrator on or before the effective date. To the extent there are matters not covered in the Notice Packets that are covered in this Agreement, or to the extent the Notice Packets are inconsistent with this Agreement, this Agreement shall govern and control. During and after the Claim Period, the Settlement Claims Administrator shall provide regular updates no less than every two weeks, or at the request of Settlement Class Counsel and/or USN Counsel with respect to an identification of the notices mailed, dates of mailing/receipt of documents, and claim forms/opt-outs/objections received.

3.    In the event of any dispute over a date of employment, USN's records shall control. In such event, USN shall furnish to Plaintiff's counsel the business records upon which the dates of employment are based. If there is any dispute over a late submission of any claim form, the Parties shall meet and confer in good faith in an effort to resolve the dispute.

4.    Within 10 days after the expiration of the Claim Period, the Settlement Claims Administrator shall provide to USN's Counsel and Settlement Class Counsel: (i) a list of Qualified Claimants and shall provide electronic copies of all timely and properly received and completed Claim Forms and Releases; and (ii) the amount necessary to fund all Settlement Payments to Qualified Claimants.

5.    At the conclusion of the settlement administration process, the Settlement Claims Administrator shall maintain an electronic copy of all Claim Forms and Releases received from the Named Plaintiffs and Rule 23 Class and shall provide the original Claim Forms and

Releases to USN's Counsel. The Settlement Claims Administrator shall also provide USN's Counsel and Settlement Class Counsel a spreadsheet identifying all Qualified Claimants and the payment amount made to each Qualified Claimant, including the amount of tax withholdings and USN's share of payroll taxes.

      **B.**    **USN's Payment Obligations.** In consideration for the dismissal with prejudice of the Lawsuit, as well as the release of claims effectuated by this Agreement, and for other good and valuable consideration, USN shall be obligated to pay a maximum of the Total Settlement Amount to settle the Lawsuit. Subject to the terms of this Agreement, the Total Settlement Amount is inclusive of any and all payments for: (i) all settlement amounts to be paid to all Qualified Claimants; (ii) all Service Payments approved by the Court for the Service Award Recipients; (iii) all Attorneys' Fees approved by the Court for Settlement Class Counsel; (iv) all Lawsuit Costs approved by the Court for Settlement Class Counsel; (v) all Settlement Administration Costs incurred by the Settlement Claims Administrator; and (vi) the Qualified Claimants' share of applicable federal, state and local taxes required to be withheld by USN. The Total Settlement Amount shall be all that USN/Released Parties shall pay to settle the Lawsuit. All undistributed, unclaimed and/or unpaid amounts as described in this Agreement after completion of the settlement process shall revert back to USN.

      **C.**    **Timing of Payment.** USN shall pay the Total Settlement Amount as follows: (i) within 30 days after entry of the Final Approval Order, USN shall pay to Settlement Class Counsel the Attorneys' Fees approved by the Court and the Lawsuit Costs approved by the Court; (ii) within 30 days after entry of the Final Approval Order, USN shall pay to the Settlement Claims Administrator, the Settlement Administration Costs; (iii) within 30 days after entry of the Final Approval Order, USN shall send a check or wire transfer to the Settlement Claims Administrator an

amount sufficient to fund the (A) Settlement Payments to Qualified Claimants; and (B) Service Payments.

**D.      Settlement Claims Administration.**

      **1.**      Settlement Claims Administrator Responsibilities. The Settlement Claims Administrator shall be responsible for: (a) determining and finalizing the calculations of the Individual Settlement Payments and the tax withholding amounts and employer payroll tax amounts for the Qualified Claimants; (b) preparing, printing and disseminating to the Named Plaintiffs and Rule 23 Class the Notice Packet and return envelope in a final form and format approved by Settlement Class Counsel and USN Counsel; (c) copying counsel for the Parties on material correspondence and promptly notifying counsel for the Parties of any requests or communications made by any Party or Settlement Class member who receives a Notice Packet; (d) receiving and reviewing the Claim Forms and Releases submitted by the Named Plaintiffs and Rule 23 Class to determine eligibility for payment; (e) determining and confirming the final Settlement Payment for each Qualified Claimant in accordance with this Agreement; (f) mailing the settlement checks to Qualified Claimants; (g) referring to Settlement Class Counsel all inquiries by the Named Plaintiffs and Rule 23 Class that the Settlement Claims Administrator cannot resolve and/or which involve matters not within the Settlement Claim Administrator's duties specified in this Agreement; (h) responding to inquiries by Settlement Class Counsel and/or USN's Counsel; (i) promptly apprising counsel for the Parties of the activities of the Settlement Claims Administrator; (j) maintaining adequate records of its activities, including the date of the mailing of the Notice Packets and receipt of Claim Forms and Releases, returned mail and other communications with the Named Plaintiffs and Rule 23 Class, and providing counsel for the Parties with no less than bi-weekly reports regarding same; (k) confirming in writing to Settlement Class Counsel and USN's Counsel its

completion of the administration of the settlement and retaining copies of all endorsed settlement checks; (l) timely responding to communications from the Parties or their counsel; and (m) such other tasks as customarily and regularly are performed by a settlement administrator, and as the Parties mutually agree.

2.      Settlement Claims Administrator Fees and Expenses.  All fees, expenses, and costs of the Settlement Claims Administrator related directly or indirectly to its duties under this Agreement, including but not limited to all fees, expenses, and costs in connection with the Total Settlement Amount, and those duties related to calculation of Estimated Settlement Award and, if necessary, recalculation, notice, check cutting and mailing, claims processing, reports to counsel, court filings, legal and accounting advice relating to tax treatment and tax reporting of awards to Qualified Claimants, calculating the estimated settlement payments and final settlement payment amounts, and any other related duties (collectively, **"Settlement Administration Costs"**) shall be paid from the Total Settlement Amount after Court approval.  The total amount of the Settlement Administration Costs shall not exceed $25,000.00.

3.      Communication with USN and Counsel for Parties. USN, USN's Counsel, and Settlement Class Counsel are authorized to communicate directly with the Settlement Claims Administrator to expedite the settlement administration process.

E.      Allocation of Net Settlement Fund. The Settlement Claims Administrator shall calculate the estimated individual settlement payment amounts for the Named Plaintiffs and the Rule 23 Class from the amount of the Net Settlement Fund pursuant to the following allocation formula:

(a)      Each Rule 23 Class Member will receive one (1) point for every week worked for the period from, November 30, 2006 through February 28, 2018.

- 8 -

(b)     Each Rule 23 Class Member shall receive an additional (3) points for every week during which the employee earned the minimum wage between November 30, 2006 through February 28, 2018.

(c)     The Net Settlement Fund will be divided by the aggregate number of points accrued by all of the Rule 23 Class Members ("Point Value").

(d)     Each Rule 23 Class Member's total points will be multiplied by the Point Value to determine his or her Individual Settlement Payment Amount.

All Estimated Settlement Awards not claimed by a Qualified Claimant from the Net Settlement Fund shall revert back to USN.

2.     Service Payments. From the Total Settlement Amount, Settlement Class Counsel shall seek Service Payments in the total amount of a maximum of $70,000 to be allocated equally between the Service Award Recipients as payment for their involvement in commencing and discovering the claims represented in the Lawsuit and their involvement during discovery and the mediation for the benefit of all Rule 23 Class members. USN will not oppose such request. The settlement is not conditioned upon the Court's approval of the requested Service Payments. Any Service Payments not approved by the Court shall similarly revert back to USN. The Service Payments shall not be subject to withholding and shall be reported on IRS Form 1099s. Only a Service Award Recipient who executes and returns a general release shall be entitled to receive a Service Payment. A copy of such general release is attached as Exhibit D.

3.     Attorneys' Fees and Costs Amounts. Settlement Class Counsel shall make an application to the Court for an award of attorneys' fees (in the amount of one-third of the Total Settlement Amount, which shall equal the total amount of a maximum of $400,000 ("**Attorneys' Fees**"). In addition, Settlement Class Counsel shall seek reimbursement of their sufficiently

documented, reasonable costs and litigation expenses from the Total Settlement Amount, not to exceed $10,000 (**"Litigation Costs"**). USN will not oppose Settlement Class Counsel's request for such Attorneys' Fees and Litigation Costs. The settlement is not conditioned upon the Court's approval of Settlement Class Counsel's request for Attorneys' Fees and Litigation Costs in such stated amounts, and any amounts that are not approved for attorneys' fees, costs, and litigation expenses shall revert back to USN. Payment of such approved attorneys' fees, expenses, and costs to Settlement Class Counsel shall be made in accordance with this Agreement and shall constitute full satisfaction of any and all obligations by USN to pay any person, attorney, or law firm for attorneys' fees, expenses or costs incurred on behalf of the Settlement Class and/or any Qualified Claimants. Settlement Class Counsel further agrees that any allocation of fees between or among other co-counsel and any other attorney representing Named Plaintiffs and/or the Rule 23 Class shall be the sole responsibility of Settlement Class Counsel, and Settlement Class Counsel agrees to indemnify and hold harmless USN and USN's Counsel from any claim or liability by any other person or entity claiming or seeking to claim any attorneys' fees or costs on behalf of Named Plaintiffs and/or the Rule 23 Class. USN shall report the payment of the Attorneys' Fees and Litigation Costs to Settlement Class Counsel on an IRS Form 1099.

**F.** **Payments to Qualified Claimants.**

**1.** **Timing of Payments.** Within 30 days after the expiration of the Claim Period, the Settlement Claims Administrator shall recalculate the Estimated Settlement Awards to take into account any changes that may be necessary due to any corrections to the calculations as identified by any Named Plaintiff and/or Rule 23 Class member and/or USN, and as determined by the Settlement Claims Administrator, and shall provide a copy of such calculations to Settlement Class Counsel and USN's Counsel. The same formula that was used to calculate the individual

settlement amounts shall be used to calculate the final individual settlement amounts, and the individual settlement share amount for each Settlement Class member with respect to the final settlement calculations will be the **"Individual Settlement Payment"**. Only Qualified Claimants shall be entitled to receive an Individual Settlement Payment. The Settlement Claims Administrator shall transmit the Individual Settlement Payments payable to the Named Plaintiffs to Settlement Class Counsel and shall remit Individual Settlement Payments to all other Qualified Claimants by first-class U.S. Mail to the last known address for each Qualified Claimant within five (5) business days of receipt of settlement funds from USN.

    2. <u>Taxes on the Individual Settlement Payments</u>. The Individual Settlement Payments attributed to the Qualified Claimants, shall be allocated 50% to back wages and 50% to liquidated damages and interest. The back wages shall be subject to all required employee-paid payroll taxes (*e.g.,* federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and other state or local statutory deductions) and other authorized or required deductions (*e.g.,* garnishments, tax liens, child support). The liquidated damages and interest, and any Service Payments, shall be treated as non-wage income to the Qualified Claimants. Back wage payments shall be reported to the IRS on Form W2 and liquidated damages, interest, and Service Payments shall be reported to the IRS on Form 1099.

    3. <u>Tax Advice</u>. Named Plaintiffs acknowledge and agree that they have not relied upon any advice from USN or USN's Counsel or Settlement Class Counsel as to the taxability of the payments received pursuant to this Agreement.

    4. <u>Negotiation of Settlement Checks</u>. Qualified Claimants shall have 30 days after the date on the settlement checks (**"Check Issuance Date"**) in which to negotiate the checks. If any Qualified Claimant does not negotiate his or her settlement check within 30 days after the

Check Issuance Date, the check will be void and the gross amount of the Individual Settlement Payment shall revert to USN.

G.  **Payments Back to USN**. The Parties agree that any funds remaining from the Total Settlement Amount 30 days after payment to (i) all Qualified Claimants who timely negotiate their settlement checks, (ii) Settlement Class Counsel for all Attorneys' Fees and Litigation Costs approved by the Court, (iii) the Settlement Claims Administrator for all Settlement Administration Costs incurred by the Settlement Claims Administrator and approved by the Court, and (iv) the Service Award Recipients for the Service Payments, shall revert to USN.

5.  **RELEASE**

A.  **Release by Named Plaintiffs and Rule 23 Class**.  As of the date of entry of Final Approval, and except as to such rights or claims as may be created expressly in this Agreement, each of the Named Plaintiffs, and each of the Rule 23 Class members who does not opt out of the Agreement, forever and fully releases USN, and USN's parents, subsidiaries, affiliates, shareholders, officers, directors, members, employees, agents, and particularly, Samuel Mehdizadeh a/k/a Solomon Mehdizadeh, Shervin Mehdizadeh a/k/a Shervin Zade, and Shahrad Mehdizadeh a/k/a Rody Mehdizadeh (collectively, **"Released Parties"**) from any and all claims related to any alleged failure to pay wages, overtime, spread-of-hours payments, and any other monies under state or local law, including related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses from the beginning of time to the date of entry of Final Approval (**"Released Claims"**).

B.  **Release by Named Plaintiffs and Qualified Claimants**. As of the date of entry of Final Approval, and except as to such rights or claims as may be created expressly in this Agreement, each of the Named Plaintiffs, and each Qualified Claimant, forever and fully releases

the Released Parties from the Released Claims, as well as from any and all claims related to an alleged failure to pay any monies under the federal FLSA. The release under this Paragraph 5[B] shall be contained in the Notice to be sent to the Settlement Class Members.

        **C.**      **Release by Service Award Recipients.** Service Award Recipients who accept a Service Payment shall additionally execute a general release in the form attached as Exhibit D, on behalf of themselves and their heirs, executors and assigns of the Released Parties from any and all claims, demands, liabilities, debts, judgments, damages, expenses, administrative actions, causes of action or suits of any kind for or by reason of any matter, cause, or thing whatsoever, from the beginning of time to the date of their respective execution of such general release.

**6.**      **NOTICES.** All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall (1) be delivered personally or (2) be mailed, postage prepaid, by first-class mail to the undersigned persons and emailed at their respective addresses/email addresses as set forth herein:

Settlement Class Counsel

              Steven J. Moser
              Moser Law Firm, P.C.
              5 East Main Street
              Huntington, NY 11722
              (631) 759-4054
              smoser@moseremploymentlaw.com

              USN's CounselMichael Craig Schmidt
              Cozen O'Connor
              277 Park Ave
              New York, NY 10172
              (212) 453-3937
              mschmidt@cozen.com

**7.**      **REPRESENTATION BY COUNSEL.** All of the Parties acknowledge that they have been represented by counsel throughout the negotiations that preceded the execution of this

- 13 -

Agreement and that this Agreement has been executed with the consent and advice of counsel.

8.      **NO ADMISSION OF LIABILITY.**  The Parties acknowledge that USN enters into this Agreement to avoid further expense and disruption to its business. The Parties further acknowledge and agree that liability for the actions that are the subject matter of this Agreement are unequivocally and expressly denied and disputed by USN. This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Parties to this Agreement. The Parties further acknowledge and agree that this Agreement and the settlement shall not be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity. Neither this Agreement nor anything in this Agreement, nor any part of the negotiations of this Agreement, shall constitute evidence with respect to any issue or dispute other than for purposes of enforcing this Agreement.

9.      **NO PUBLICATION OF SETTLEMENT BY SETTLEMENT CLASS COUNSEL.** Settlement Class Counsel shall not and acknowledges that it has not, at any time after February 16, 2018 advertise or publish, orally, electronically, in writing, in the press, or on social media/web sites/Internet/media/print, the fact that this Lawsuit was brought against USN, the fact that the Lawsuit was settled, or any of the terms or conditions of this Agreement, except as provided in this Agreement.

10.     **MODIFICATION OF AGREEMENT.**  This Agreement may not be modified or amended except in writing, signed by each of the Parties, and as approved by the Court.

11.     **CONSTRUCTION AND INTERPRETATION.**

        A.      **Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties with respect to the subject matter contained in this Agreement and shall supersede all prior

and contemporaneous negotiations between the Parties. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement, or any specific term or condition. The Named Plaintiffs and USN participated in the negotiation and drafting of this Agreement and had available to them the advice and assistance of independent counsel. As such, neither the Named Plaintiffs nor USN may claim that any ambiguity in this Agreement should be construed against the other.

B.   **No Reliance on Representations or Extrinsic Evidence.**   Except as expressly provided in this Agreement, this Agreement has not been executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary or contradict its terms. In entering into this Agreement, the Parties agree that this Agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence.

C.   **Controlling Law.**   This Agreement shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the State of New York, both in its procedural and substantive aspects, and without regard to principles of conflicts of laws, and shall be subject to the continuing and exclusive jurisdiction of the United States District Court for the Eastern District of New York.

D.   **Severability.**   If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, except the Release, the remaining portions of this Agreement will remain in full force and effect to the extent that the effect of the Agreement remains materially the same and the obligations of the Parties remain materially the same. However, in the event the Release is held by a court of competent jurisdiction to be void,

- 15 -

voidable, unlawful or unenforceable, USN can nullify and terminate this Agreement, and all rights and obligations under this Agreement.

12.     **COUNTERPARTS.** This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement. All counterparts of any such document together shall constitute one and the same instrument. A photocopy, facsimile, or digital image of an executed counterpart shall be enforceable and admissible as an original.

13.     **BINDING EFFECT.** This Agreement is binding upon and shall inure to the benefit of the Parties to this Agreement. Without limiting the foregoing, this Agreement specifically shall inure to the benefit of USN (as defined on page 1 of this Agreement) and all persons acting by, through, under, or in concert with them. Also, without limiting the foregoing, this Agreement shall be binding upon the heirs, assigns, administrators, executors, beneficiaries, conservators, and successors of all Qualified Claimants.

14.     **ATTORNEYS' FEES, COSTS AND EXPENSES.**   Except as otherwise specifically provided in this Agreement, the Parties and all Qualified Claimants shall bear responsibility for their own attorneys' fees, costs and expenses, taxable or otherwise, incurred by them or arising out of this litigation and shall not seek reimbursement thereof from any Party to this Agreement. However, in the event of any dispute to interpret or enforce the terms of this Agreement, the prevailing party shall be entitled to an award of its reasonable attorneys' fees and costs from the non-prevailing party.

15.     **AUTHORITY OF COUNSEL.**

    A.     **Facsimile, Electronic, and Email Signatures.** Any Party may execute this

Agreement by signing or by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile, email or other electronic means to counsel for the other Parties. Any signature made and transmitted by facsimile, email, or other electronic means for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email or other electronic means.

      **B.**   **Voluntary Signature.** All Parties agree that they have signed this Agreement or authorized their counsel to sign this Agreement on their behalf, knowingly, voluntarily, with full knowledge of its significance, and without coercion. Settlement Class Counsel acknowledges and agrees that any of the Parties that have signed this Agreement who do not speak/read English has had this Agreement read to him or her in such person's primary language and/or translated into such person's primary language.

      **C.**   **Warranty of Counsel.** Settlement Class Counsel warrants and represents that it is expressly authorized by the Named Plaintiffs to take all appropriate action required or permitted to be taken pursuant to this Agreement in order to effectuate its terms. USN's Counsel warrants and represents that it is authorized to take all appropriate action required or permitted to be taken by USN pursuant to this Agreement in order to effectuate its terms.

**16.**   **EFFECT OF NON-APPROVAL.** In the event that this Agreement is not approved by the Court for any reason in the form submitted by the Parties, the Parties will attempt to address any concerns raised by the Court and resubmit a revised settlement agreement if possible. If the Parties cannot agree on a revised settlement agreement, or if the Court denies the approval of a renegotiated settlement agreement, this Agreement or the renegotiated agreement shall be terminated as of the date the Court's order denying approval of the Agreement or renegotiated agreement was entered.

Upon termination of this Agreement or any renegotiated agreement: (A) this Agreement and, if applicable, the renegotiated agreement, shall have no force or effect, and no Party shall be bound by any of its terms; (B) the stipulation that the requisites for establishing and maintaining class and collective certification with respect to the Settlement Class have been and are met, and the releases given, shall be null and void; (C) the Parties shall retain every argument, position, claim, and defense they had or may have had as of the date prior to the execution of this Agreement; and (D) nothing in this Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the Lawsuit, and the Parties do not waive, and instead expressly reserve, their respective rights with regard to the prosecution and defense of the Lawsuit.

### PLAINTIFFS

_____
Efrain Danilo Mendez a/k/a Efrain D. Mendez-Rivera     Dated: 6/13/2020

_____
Aldraily Alberto Coiscou     Dated: 6/17/2020

_____
Fernando Molina a/k/a Jorge Luis Flores Larios     Dated: 6/13/20

_____
Rene Alexander Oliva     Dated: _____

_____
Siryi Nayrobik Melendez     Dated: 6-13-2020

_____
Juan Flores-Larios     Dated: 6/13/2020

_____
Ramiro Cordova     Dated: 6/16/2020

- 18 -

Upon termination of this Agreement or any renegotiated agreement: (A) this Agreement and, if applicable, the renegotiated agreement, shall have no force or effect, and no Party shall be bound by any of its terms; (B) the stipulation that the requisites for establishing and maintaining class and collective certification with respect to the Settlement Class have been and are met, and the releases given, shall be null and void; (C) the Parties shall retain every argument, position, claim, and defense they had or may have had as of the date prior to the execution of this Agreement; and (D) nothing in this Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the Lawsuit, and the Parties do not waive, and instead expressly reserve, their respective rights with regard to the prosecution and defense of the Lawsuit.

**PLAINTIFFS**

_____     Dated:_____
Efrain Danilo Mendez a/k/a Efrain D. Mendez-Rivera

_____     Dated:_____
Aldraily Alberto Coiscou

_____     Dated:_____
Fernando Molina a/k/a Jorge Luis Flores Larios

_____     Dated:_____
Siryi Nayrobik Melendez

_____     Dated: 7/13/2020
Rene Alexander Oliva

_____     Dated:_____
Juan Flores-Larios

_____     Dated:_____
Ramiro Cordova

**DEFENDANTS:**

U.S. Nonwovens Corp.

By: _____

Name: Shervin Mehdizadeh

Title: Seller Representative
per P.O.A

Dated: 8/3/20

_____

Shervin Mehdizadeh

Dated: 8/3/20

_____

Samuel Mehdizadeh

Dated: August 6/20

_____

Rody Mehdizadeh

Dated: 8/4/2020

LEGAL\47485542\1